

**BY FAX**

1 Janice P. Brown, Esq. (114433)
2 Stacy L. Fode, Esq. (199883)
   Bryce C. Besser, Esq. (236845)
3 BROWN LAW GROUP
4 600 B Street, Suite 1650
   San Diego, California 92101
5 Telephone: (619) 330-1700 / Facsimile: (619) 330-1701
6 Attorneys for Defendant, AFFILIATED COMPUTER SERVICES, INC.

7

FILED
CLERK, U.S. DISTRICT COURT
MAY 25 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8

9 ## UNITED STATES DISTRICT COURT

10 ## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11 TIFFANY BANKS; HALEY BERGER;
12 ANNA BERKOWITZ; ROCCO
    CAMARILLO; JENNIFER CENTENO;
13 CECILIA CHARILY; JOHANNA
    CHARLTON; KATRINA COFFMAN;
14 OSIRIS CORDOVA; ANDREW
    COTTLE; KORINA DEL REAL; JOSE
15 DETRES; RODRIGO DORANTES;
    ADRIANA EDWARDS; ARACELI
16 ESCOTO; ASHLEY GALINDO;
    MELISSA GIBSON; CECILIA
17 GOMEZ; LAUREL GRESSETT;
    ELIZABETH GUTIERREZ;
18 JULIANNA HERNANDEZ; TRESA
    HOLLIS PERKINS; NATALIE
19 HORVATH; ASHLEY HUDSON;
    McKIM JACOBSON; LAUREN
20 JETTE; ORTAL KAVON; ALLYSUN
    KNAPP; ELAM LOPEZ; TIERRA
21 MACON; STEPHANIE MAGANA;
    STEPHANIE MARTIN; ANGELICA
22 MARTINEZ; STEPHANIE
    MARTINEZ; CORINNA MASSIET;
23 VICKIE MCDOUGAL; NATALIE
    McFEE; LIZETTE MELGOZA;
24 LINDA MEPOKEE; DIEGO
    MONTANO; NATASHIA
25 MONTENEGRO; STEPHANIE ROSE
    NORCIO; DONNA OSBORN; LILI
26 OSTROW; LUIS PADILLA;
    JENNIFER PENDERGRAFT;

27 **[CON'D NEXT PAGE]**

28

CASE NO. **CV11-04446**PSG
(MRWx)

DEFENDANT AFFILIATED
COMPUTER SERVICES, INC.'S
NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1441
[FEDERAL QUESTION]

State Action Filed: April 19, 2011
Removal Filed: May 23, 2011

MARY PERDOMO; JESSICA PINA; )
KARINA PORCAYO; APRIL )
REGINO; DENYSE RODRIGUEZ; )
ANGELA ROLLON; CHRISTINA )
ROMERO; VALERIE SANCHEZ; )
MICHELLE SANCHEZ; BIANCA )
SAPOZHNIKOV; THERESA )
STEVENS; VERONICA TAMURA; )
HEATHER TROTTER; ROCIO )
VALDEZ; MARIE VALDEZ; DAVID )
VALENCIA; ERWIN VALENCIA; )
JACQUELINE WELLS; STEPHANIE )
XIMENEZ-CALDERON; CHRISTINE )
YAACOUBIAN; MICHELE )
ZURCHER; SUFYAN ABDELSHIFE; )
CHARLES ABRENICA; ERIC )
ADABKHAH; PRYSCILLA ADAME; )
CYED ADRAINCEM; APRIL )
AGUILAR; CANDIDA AGUILAR; )
ALDRICH ALCANTARA; SCOTT )
ANDERSON; MARICAR ANGELES; )
GEOFFREY ARMSTRONG; )
MICHAEL ARTUSCOOPER; KYLE )
AU; STACEY AUSBY; DIANE )
AVEYTIA; DORA AVILA; ELMER )
AXUME; MELANNIE BAEDOR; )
SOHAIL BASHIRIAN; LUSWIN )
BAUTISTA; JOSHUA BERENGUEL; )
JON BILLINGS; JOHN BOGATZ; )
CHRISTIAN BOLANOS; ROLAND )
BOMBANE; JASON BONAGA; )
ANNIKA BOUCARD; JENNIFER )
BRENNAN; LAKAYA BROOKS; )
JENNIFER BROWN; MARIAH )
BRUNO; VALERIE BRYANT; )
SHERRY BUENTIEMPO / )
JOHNSTON; CHENIN BURNETT- )
DOERING; CAROLINA CALDERON; )
GARRETT CAMP; COLIN )
CAMPBELL; ARTURO CAMPOS; )
NATALIE CANNATA; ANN )
CAPUNITAN; JUANA CARRILLO; )
KAMRYN CASIDA; KRYSTLE )
CASPER; STEVEN CASTILLO; )
DANIEL CAZARES; KEVIN CHAN; )
DANNY CHAVEZ; HANSANG CHO; )
PAMELA CLARK; JENNIFER )
CLEVELAND; GABRIEL )
CONTRERAS; MATTHEW COOK; )
JONATHAN CORDOVA; MELISSA )
CORNEJO; JORGE CUADRA; )
)
)
**[CON'D NEXT PAGE]** )
)

---

*Tiffany Banks v. California School of Culinary Arts, et al.*      Case No.: _____
*Notice Of Removal Of Action*                                                      - 2 -

1  ANDREW CULLEY; WILLIAM
   DAIGLE; ALLISON DATAN;
2  MAUREEN DATH; AMBER DAVIS;
   JASON DE BERNARDO; TIMOTHY
3  DEPASCALE; ARTURO
   DOMINGUEZ; DANIEL EDWARDS;
4  JOSHUA EFFLE-HOY; BRANDON
   ENGHUSEN; JENNYFER ESCOBAR;
5  MIGUEL ESCOBAR; MARK ESTES;
   BYRON FIGUEROA; AMY
6  FILAKOUSKY; BRIAN FOOS;
   VINCENT FOY; ICHACHATOUR
7  GALDJIAN; ISAAC GALINDO;
   MICHELLE GARAY; JEFFREY
8  GARCIA; JASON GARVIN; JENAY
   GIBSON; JENNIFER GIBSON;
9  KATHY GLASER; FLOR GOMEZ;
   KEITH GOMEZ; DANIEL
10 GONZALEZ; FERNANDO
   GONZALEZ; GEORGE GONZALEZ;
11 IVAN GONZALEZ; RAFAEL
   GONZALEZ; PATRICE GRANT;
12 COREY GRAY; FREDRIK
   GRENSTROMER; MICHAEL
13 GUERRA; OSCAR GUERRERO
   HERNANDEZ; NATALIE
14 GUTIERREZ; JESSICA HEALEY;
   MICHAEL HEALING; ROCIO HEIL;
15 JOSHUA HEREDIA; CHRISTOPHER
   HERNANDEZ; BRIAN
16 HILDENHAGEN; DON HO;
   ALEXANDER HONG; KAREN HUA;
17 PATRICIA MICHELE HUERTA;
   JOSEPH HUIZAR; BOBBY HUSTON;
18 JOSE IBARRA; KARAN
   IBRANOSIAN; BROOKE JENSEN;
19 JAMIE JOHNSON; JOY JORDAN;
   WALTER JORDAN-AZHAR;
20 JESSICA JUSAK; SOFIA
   KAZANCHIAN; BRAD KEASLER;
21 JOSEPH KELLEY; CHRISTOPHER
   KERMANI; DANNY ICHA TEICIAN;
22 SHANE KNAPP; MEREDITH
   KRAUT; HONEYLYNN
23 LADRILLONO; MALCOLM LAKES;
   JACOB LARA; ERIKA LARRONDO;
24 ANGIE LEE; KEVIN DOLL LEE;
   SEUNG LEE; MARLEN LEIVA;
25 RENE LEIVA; ARIC LEWIS;
   YVONNE LLAMAS; AIXA LOPEZ;
26 JUAN LOPEZ; LISA LOVE;

27
        **[CON'D NEXT PAGE]**
28

_____

*Tiffany Banks v. California School of Culinary Arts, et al.*     Case No.: _____
**Notice Of Removal Of Action**                                                                - 3 -

1   ASHLEY LOVETTE; ERIC LUCAS;
    SHELLIE MADEROMURRIETTA;
2   MARCIANA MADISON; KATIUSCA
    MARIN; T MARQUEZ; RICO
3   MARSHELLO; GUILLERMO
    MAXWELL; TRACY McFARLIN;
4   COLIN McRAVEY; GABRIEL
    MELCHOR; ROSE MENESES;
5   TOMAS MENESES; JASON
    MONTELIBANO; JOSE
6   MONTERROSA; DANIEL MOORE;
    YOHANA M MORALES; CYNTHIA
7   MOREAU; DESIREE MORENO;
    ERNEST MORRIS; JUSTIN
8   MOSCOWITZ; LAURA MOUA;
    ERMER MUNAR; ADAH MUNOZ;
9   ANDY NAJPAUER; ZAREH
    NAZARYAN; SARENA NELSON;
10  KRISTIAN NELSON; CHRISTALEY
    NESBITT; TORCY NEWCOMBE;
11  CHARMEL NEWELL; APRIL
    NEWTON; RICHARD NOWAK;
12  AARON OLCH; JAMES OTERO;
    TRAVIS OZIER; SARAH PARK;
13  MATTHEW PARKER; KAREN
    PAULK; SAMUEL PAXSON; JUSTIN
14  PENA; DANIEL PEREZ;
    NATHANIEL PHILLIPS; ROBERT
15  PORTER; MICHAEL PROTUS;
    STEPHANIE QUAYE; LAUREN
16  RAGAY; CANDACE REDDIX;
    JAVIER RENTERIA OLMEDO;
17  LESLIE RESKA; JASON RICHARDS;
    DIANA RIVERA; ALEXANDER
18  RODRIGUEZ; GABRIEL
    RODRIGUEZ; LUZ RODRIGUEZ;
19  BRITTNEY RODRIGUEZ; DANIEL
    ROMAN; ABEL ROMERO;
20  ADRIANA ROSALES; ALVARO
    RUIZ; NICOLE RUIZ; RAYMOND
21  RUOTOLO; MICHAEL RUPP; JUAN
    SANCHEZ; LEYLA SANCHEZ;
22  SALVATORE SANMARCO; NUBIA
    SANTIAGO; JACOB SAWYER;
23  STEVEN SCALLION; ANDREW
    SCHICK; ASHLIE SEITZ; MICHAEL
24  SHEN; TASHA SHERLEY; LUCAS
    SPENSER; MARTIN STAMPLER;
25  ANDREW STARNES; DONNA
    STEWART; ROLANDO SUNGA, III;
26
27          **[CON'D NEXT PAGE]**
28

_____

*Tiffany Banks v. California School of Culinary Arts, et al.*     Case No.: _____
**Notice Of Removal Of Action**                                              - 4 -

1   ALICIA SWEETING; TERESA TANG; )
    LAWRENCE TAYLOR; TRAVIS        )
2   TAYLOR; CHRISTOPHER TEAGUE; )
    HUNG TRAN; DONNA TRINH;        )
3   NANCY TSAI; EVAN               )
    TSUCHIYAMA; RUSSELL TUAZON; )
4   VIGEN TUMOYAN; GEORGE TZE-    )
    POLO; DANIEL URIBE; DAVID      )
5   VALDEZ; CLAUDIA VANBEEKOM; )
    JOSEPH VANOVER; KATHERINE      )
6   VASQUEZ; NICHOLAS VASQUEZ; )
    RYAN VELILLA; JESUS VENEGAS; )
7   VICTOR VIDES; JACOB VIGGIANO; )
    ERIC VILLEGAS; PETER           )
8   VILLEGAS; ALEXANDRA            )
    WALLEN; SARAH WARD; JESSICA )
9   WAUGH; STEPHEN WELLS; STACIE )
    WHEELOCK; JENA WHITE; EMILY )
10  WILLIAMS; LORREN WILLIAMS; )
    ASHLEIGH WRIGHT; SUSAN         )
11  YOON; MICHELE YOSHIMURA; and )
    BRANDON YURT,                  )
12                                 )
                 Plaintiffs,       )
13                                 )
             v.                    )
14                                 )
    CALIFORNIA SCHOOL OF           )
15  CULINARY ARTS, INC., a California )
    corporation; CAREER EDUCATION )
16  CORPORATION, a Delaware        )
    corporation;  SALLIE MAE, INC., a )
17  Delaware corporation; SALLIE MAE )
    BANK OF UTAH, a Utah corporation; )
18  SALLIE MAE EDUCATION TRUST, a )
    Delaware statutory trust; SLM    )
19  EDUCATION CREDIT FINANCE      )
    CORPORATION, a Delaware        )
20  corporation; SLM EDUCATION     )
    CREDIT MANAGEMENT              )
21  CORPORATION, a Delaware        )
    corporation; CAVALIER FUNDING 1 )
22  LLC, a Delaware limited liability )
    company; NELNET, INC., a Nebraska )
23  Corporation; DOLLAR BANK,      )
    FEDERAL SAVINGS BANK, a        )
24  Pennsylvania corporation;       )
    STILLWATER NATIONAL BANK       )
25  AND TRUST COMPANY, an          )
    Oklahoma corporation; SOUTHWEST )
26  BANCORP, INC., an Oklahoma      )
                                   )
27                                 )
            **[CON'D NEXT PAGE]**   )
28  _____ )

---

*Tiffany Banks v. California School of Culinary Arts, et al.*      Case No.: _____
**Notice Of Removal Of Action**                                               - 5 -

corporation; JPMORGAN CHASE & )
Co., a Delaware corporation; WELLS )
FARGO BANK, N.A., a national )
association; WELLS FARGO & )
COMPANY, a Delaware corporation; )
WACHOVIA FINANCIAL )
SERVICES, INC. a North Carolina )
corporation; BANK OF AMERICA )
CORPORATION, a Delaware )
corporation; BANK OF AMERICA, )
N.A., a national association; )
CITIGROUP, INC., a Delaware )
corporation; AFFILIATED )
COMPUTER SERVICES, INC., )
a Delaware Corporation; GREEN TREE )
SERVICING LLC, a Delaware limited )
liability corporation EDFINANCIAL )
SERVICES, LLC, a Nevada limited )
liability company; and )
DOES 1 to 1,000,000, INCLUSIVE, )
)
               Defendants. )
_____ )

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

      **PLEASE TAKE NOTICE** that Defendant, AFFILIATED COMPUTER SERVICES, INC., a Delaware corporation ("Defendant" or "ACS"), hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. §§ 1331 and 1441(b). The grounds for removal are as follows:

## I.   PROCEDURAL HISTORY

      1.   On April 19, 2011 Plaintiffs[1] filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. BC459917. A true and correct copy of the Summons, Complaint and Civil Case Cover Sheet, filed on April 19, 2011, are collectively attached hereto as **Exhibit 1**. The Complaint alleges

---

[1] There are over 300 plaintiffs named in the complaint. The complete list of plaintiffs can be found in the Appendix to Plaintiffs' Complaint attached hereto as **Exhibit 1**. For ease of reference, ACS refers to all plaintiffs collectively as "Plaintiffs."

---

*Tiffany Banks v. California School of Culinary Arts, et al.*     Case No.: _____
*Notice Of Removal Of Action*                               - 6 -

1  the following causes of action:  1) Fraud; 2) Violation of the Unfair Competition
2  Law; 3) Violation of the Consumers Legal Remedies Act; 4) Violation of the Private
3  Postsecondary and Vocational Education Reform Act of 1989; 5) Breach of Contract;
4  6) Declaratory Relief; 7) Money Had and Received; 8) Unjust Enrichment; and
5  9) Constructive Trust against twenty-two (22) defendants.

6      2.     ACS was personally served on April 21, 2011.  A true and correct copy
7  of the Notice of Service of Process is attached hereto as **Exhibit 2**.  Accordingly, this
8  Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9      3.     Venue, for purposes of removal, lies in the United States District Court
10 for the Central District of California because the state court action is pending within
11 this judicial district, in the Superior Court for the County of Los Angeles.
12 (28 U.S.C. §§ 1441(a) and 1446(a).)

13     4.     As discussed further below, removal of this action is proper because this
14 Court has Federal Question Jurisdiction over Plaintiffs' claims as the claims against
15 ACS arise under federal law.  (28 U.S.C. § 1331.)

16 **II.  REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1331 BECAUSE**
17 **FEDERAL QUESTION JURISDICTION EXISTS**

18     **A.  Plaintiff's   Complaint   Against   ACS   Arises   Under**
19         **Federal Law.**

20     5.     This case is removable because it contains causes of action which arise
21 under the laws of the United States.  "The district courts shall have original
22 jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the
23 United States."  (28 U.S.C. § 1331.)  An action "arises under" federal law within the
24 meaning of section 1331 if: 1) federal law creates the cause of action and/or grants
25 federal jurisdiction to hear the case; or 2) plaintiff's right to relief necessarily
26 depends on resolution of a substantial question of federal law.  (Grable & Sons Metal
27 Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).)  A three prong test
28 exists to determine if a state law claim "arises under" federal law: 1) the state law

---

claim necessarily raises a federal issue that is actually disputed and substantial; 2) resolution of the federal issue is central to the case; and 3) the exercise of federal jurisdiction will not disturb any congressionally approved balance of federal and state judicial responsibilities.  (Id. at 314.)

### 1. Plaintiffs' Claims Raise Substantial Disputed Federal Issues and Plaintiffs' Claims Against ACS Succeed or Fail Based on Federal Law.

6.     Federal question jurisdiction under section 1331 exists where the success or failure of a plaintiff's claims depends on the interpretation of federal statutes and their accompanying regulations.   (See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 841 (9th Cir. 2004)(where state lawsuit turned entirely on defendant's compliance with federal tariff regulation, federal question jurisdiction existed);   Coyote Valley Band of Pomo Indians v. U.S., 639 F.Supp.165, 169 (E.D. Cal. 1986) (plaintiffs' state law claims alleging that the federal defendants improperly delayed the calling of secretarial elections arose under federal law where the success of the claims depended on the application of the federal Indian Reorganization Act).)

7.     Plaintiffs have alleged nine (9) causes of action against the California School of Culinary Arts, Inc. and Career Education Corporation (referred to in the Complaint as the "School Defendants"), along with numerous lending institutions (referred to in the Complaint as "Lender Defendants") and loan servicers (referred to in the Complaint as "Loan Servicer Defendants").[2]

/ / /

/ / /

/ / /

---

[2]    ACS is included as a Loan Servicer Defendant in the Complaint.  (**Exhibit 1**, Complaint ¶ 69.)

---

8.    Plaintiffs seek recovery against the Lender and Loan Servicer Defendants on a theory of derivative liability **based solely on federal law**—namely, the Holder Rule, a federal regulation codified at 16 C.F.R. § 433.2, and created pursuant to section 5 of the Federal Trade Commission Act, 15 U.S.C. § 41 et seq.[3] In fact, Plaintiffs' _only basis_ for liability against the Lender and Loan Servicer Defendants is this federal regulation created by federal law.  Plaintiffs do not allege any separate state law claims that would allow liability against the Lender and Loan Service Defendants, absent the Holder Rule

9.    Specifically, Plaintiffs' Complaint allegations demonstrate their theory of derivative liability based on federal law as follows:

> 66.   On information and belief, the School Defendants referred each Plaintiff to the lenders that originated each of that Plaintiff's loans. **Pursuant to 16, C.F.R. § 433.2 (the "Holder Rule"), the Federal Trade Commission ("FTC") requires that all purchase money loan agreements including agreements for the purchase of education services,** [footnote omitted] **must contain a clause that subjects the holder of the note to all claims and defenses that the buyer could assert against the seller—here, the School Defendants (hereinafter the "Holder Clause")**….Based on information and belief, all Notes executed during the relevant period contain the Holder Clause.  If any Notes do not contain a Holder Clause, such a clause must be implied by operation of law.

> 67.   On information and belief, the Lender Defendants are or were each legal or beneficial holders of one or more of the Notes.  **Pursuant to the Holder Clauses contained within the Notes, explicitly or by operation of law, Plaintiffs may assert against the Lender Defendants all claims and all defenses to payment they have or would have against the School Defendants.**   (**Exhibit 1**, Complaint, ¶¶ 66-67, emphasis added.)

---

[3]    The Holder Rule was created pursuant to section 5 of the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., and was intended to prevent entities from engaging in unfair or deceptive acts in interstate commerce.  (15 U.S.C. § 45; Kilgore v. Keybank, 712 F.Supp.2d 939, 946 N.D. Cal. 2010).)  Violations of the Holder Rule are enforced by the Federal Trade Commission ("FTC").  Federal courts have **exclusive jurisdiction** to review the FTC's rulings. (15 U.S.C. § 45(c), (d) ("Upon the filing of the record with it the jurisdiction of the court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive.").)

---

10. Similarly, Plaintiffs seek recovery against the Loan Servicer Defendants, such as ACS, _solely_ pursuant to the Holder Clause. (**Exhibit 1**, Complaint, ¶ 69, "Plaintiffs are informed and believe that these servicers possess funds that were obtained from Plaintiffs and that Plaintiffs are entitled to recover under the Holder Clause.")

11. Plaintiffs' seventh, eighth, and ninth causes of action are the only cause of actions asserted against ACS. These claims do not allege any wrongful conduct on the part of ACS, but rather, seek to hold ACS derivatively liable pursuant to the federal "Holder Rule." (**Exhibit 1**, Complaint ¶ 69.) For example, Plaintiffs' seventh cause of action alleges that ACS collected loan payments and related charges from Plaintiffs and that "Plaintiffs are entitled to recover these funds **pursuant to the Holder Clause**." (emphasis added) (**Exhibit 1**, Complaint ¶ 104, 106.) Similarly, Plaintiffs' eighth cause of action alleges ACS collected loan payments and related charges and "Retention of these funds at the expense of Plaintiffs is unjust because Plaintiffs are entitled to recover these funds **pursuant to the Holder Clause**..." (emphasis added) (**Exhibit 1**, Complaint ¶¶ 109, 111.) Plaintiffs' ninth cause of action contains identical allegations and argues Plaintiffs are entitled to recover funds under a constructive trust theory "**pursuant to the Holder Clause**." (emphasis added) (**Exhibit 1**, Complaint ¶ 113, 114.) Thus, Plaintiffs have no state law basis for their claims against ACS and seek damages, disgorgement of funds, restitution, and other remedies against ACS solely through the Holder Rule.

12. As Plaintiffs' Complaint shows, without the Holder Rule, Plaintiffs have no basis for their claims against ACS or other Lender or Loan Servicer Defendants – a central issue of the case. Moreover, the applicability of the Holder Rule to ACS as a loan servicer, as well as the applicability of the FTC's rules, regulations and guidelines related to the Holder Rule, necessarily turn on the construction of federal law. Furthermore, the determination of whether ACS is derivatively liable to Plaintiffs for damages and other remedies under the Holder Rule depends on the

1  interpretation and analysis of federal law, as does any issues of possible preemption
2  by the National Bank Act.  Therefore, Plaintiffs' right to relief necessarily depends
3  on the resolution of federal law, and removal of this action is required pursuant to
4  28 U.S.C. § 1441(b).

5  **2.  <u>Removing the Case to Federal Court will Uphold the Balance</u>**
6  **<u>Between Federal and State Court Authority.</u>**

7  13.  The final prong of the "arising under" test is met here because removing
8  the case to federal court will not upset the balance between federal and state court
9  authority.  As clearly shown above, the only basis for Plaintiffs' claims against ACS
10 is the Holder Rule, a federal regulation created by the Federal Trade Commission
11 pursuant to the federal authority conferred upon it pursuant to 15 U.S.C. section 45
12 et seq. – a federal statute.  Plaintiffs' complaint does not raise any separate state law
13 claims which would allow them to hold ACS derivatively liable.   Therefore,
14 permitting the case to remain in state court would upset the balance between federal
15 and state court authority.

16 **B  <u>The Loans in Dispute are Federal Stafford Loans Created by, and</u>**
17 **<u>Regulated Through, Federal Statute, and the Underlying</u>**
18 **<u>Promissory Notes are Governed by Federal Law.</u>**

19 14.  The underlying loans at issue are Federal Stafford Loans created by, and
20 regulated through, federal law. (See 20 U.S.C. § 1071 et seq.)  Additionally, as set
21 forth in the Complaint, the terms and conditions of each student loan at issue in the
22 underlying action are set forth in a promissory note (referred to in the Complaint as a
23 "Notes").  (**Exhibit 1**, Complaint, ¶¶ 66-68.)  Specifically, the Plaintiffs allege that
24 the Holder Clause, discussed above, is or should have been expressly set forth in
25 each Note, and that the Holder Clause imputes liability against the Lender and Loan
26 Servicer Defendants. (**Exhibit 1**, Complaint, ¶ 66.)

27 / / /
28 / / /

---

15.     However, the underlying Notes are expressly governed by federal law—the Higher Education Act, 20 U.S.C. section 1070, et seq.  Since each student's loan is made pursuant to a Note that governs the terms and conditions of the loan and since the terms and conditions of the loan are to be interpreted in accordance with federal law, the interpretation and application of federal law is required to determine the liability of ACS and other Lender and Loan Servicer Defendants.   Thus, Plaintiffs' right to relief necessarily depends on the resolution of federal law, supporting removal to federal court.

## III.   DEFENDANT ACS IS SEEKING JOINDER OF OTHER LOAN SERVICER DEFENDANTS

16.     Generally, joinder of all defendants is required to remove a case to federal court.[4]

17.     ACS will endeavor to obtain the joinder of the other defendants in this litigation.   Plaintiffs have sued over twenty defendants, most of whom are large corporations.  As of the time of filing this Notice of Removal, no defendant has yet filed its responsive pleading, and it appears as if all defendants have not yet been properly served.  Therefore, determining the representative of each defendant prior to filing this Notice of Removal would be extremely difficult and burdensome.

18.     Nevertheless, in compliance with the joinder requirement, ACS will endeavor to obtain the joinder of the other defendants in this litigation.   In this regard, contemporaneous with the filing of this Notice of Removal, Defendant will serve its Notice of Removal on all defendants. (See the Declaration of Stacy L. Fode in Support of ACS' Notice of Removal at ¶ 4.)

/ / /

/ / /

---

[4]    However, removal is appropriate even if other defendants do not join the removal at the time it is filed where all defendants join prior to the entry of judgment.   (Destfino v. Reiswig, 630 F.3d 952, 956-957 (9th Cir. 2011).)

---

*Tiffany Banks v. California School of Culinary Arts, et al.*          Case No.: _____
***Notice Of Removal Of Action***                                                        - 12 -

## IV.   **CONCLUSION**

19.     Removal of this action is proper on the grounds that Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331.

20.     ACS submits this Notice of Removal without waiving any defenses to claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.  ACS has good and sufficient defenses to this Action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

21.     The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

22.     **Exhibit 1** attached to this Notice of Removal encompass all documents filed and proceedings had in the Los Angeles Superior Court, as of the date of this removal:

> Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Related Case, Notice of Case Assignment, and Superior Court of California, County of Los Angeles Alternative Dispute Resolution (ADR) Information Package, filed on April 19, 2011.

23.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, ACS will file with the State Court a Notice to Adverse Party of Removal to Federal Court with a copy of this Notice of Removal attached thereto. Furthermore, ACS will serve counsel for Plaintiffs with a copy of both this Notice of Removal and the Notice to Adverse Party of Removal to Federal Court, and file this Notice with the State Court.

/ / /

/ / /

/ / /

/ / /

---

*Tiffany Banks v. California School of Culinary Arts, et al.*      Case No.: _____
*Notice Of Removal Of Action*                                                          - 13 -

1    24.    Based on the foregoing, ACS hereby removes this action from the

2  Los Angeles Superior Court, to this Court, and requests that further proceedings be

3  conducted in this Court as provided by law.

4

5                                    **BROWN LAW GROUP**

6

7

8  Dated:  May 23, 2011          By:  _____

9                                    Janice P. Brown, Esq.

10                                    Stacy L. Fode, Esq.
                                     Bryce Clark Besser, Esq.
11                                    Attorneys for Defendant,
                                     AFFILIATED COMPUTER SERVICES, INC.,
12                                    a Delaware corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Tiffany Banks v. California School of Culinary Arts, et al.*          Case No.:  _____

***Notice Of Removal Of Action***                                               - 14 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "1"

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** CALIFORNIA SCHOOL OF CULINARY
*(AVISO AL DEMANDADO):* ARTS, INC., a California
corporation, CAREER EDUCATION CORPORATION, a Delaware
corporation, SALLIE MAE, INC., a Delaware
corporation; SALLIE MAE BANK OF UTAH, a Utah
corporation; SALLIE MAE EDUCATION TRUST, a Delaware
statutory trust; SLM EDUCATION CREDIT FINANCE
CORPORATION, a Delaware corporation; (see add'l page)

**YOU ARE BEING SUED BY PLAINTIFF:** TIFFANY BANKS; HALEY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* BERGER; ANNA
BERKOWITZ;ROCCO CAMARILLO; JENNIFER CENTENO; CECILIA
CHARKY; JOHANNA CHARLTON; KATRINA COFFMAN; OSIRIS
CORDOVA; ANDREW COTTLE; (see add'l page)

CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court
APR 19 2011
John A. Clarke, Executive Officer/Clerk
By _____ KEN FLEUR-SEXTON, Deputy
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):* BC459917

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Louis Kelly (SBN 82063)      (310) 536-1000   (310) 536-1001
Kirtland & Packard LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245

DATE: *(Fecha)* JOHN A. CLARKE, CLERK, by _____, Deputy *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Affiliated Computer Services, Inc, a Delaware Corporation
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL] APR 19 2011

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

| Tiffany Banks, et al. v. California School of Culinary Arts, Inc., et al. | Case No. |
|---|---|

NOTICE TO DEFENDANT: (Page 2 of Additional Defendants) ...

SLM EDUCATION CREDIT MANAGEMENT CORPORATION, a Delaware corporation; CAVALIER FUNDING 1 LLC, a Delaware limited liability company; NELNET, INC., a Nebraska Corporation; DOLLAR BANK, FEDERAL SAVINGS BANK, a Pennsylvania corporation; STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation; SOUTHWEST BANCORP, INC., an Oklahoma corporation; JPMORGAN CHASE & Co., a Delaware corporation; WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation; WACHOVIA FINANCIAL SERVICES, INC. a North Carolina corporation; BANK OF AMERICA CORPORATION, a Delaware corporation; BANK OF AMERICA, N.A., a national association; CITIGROUP, INC., a Delaware corporation; AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation; GREEN TREE SERVICING LLC, a Delaware limited liability company; EDFINANCIAL SERVICES, LLC, a Nevada limited liability company; and DOES 1 to 1,000,000 inclusive, Defendants.

| Tiffany Banks, et al. v. California School of Culinary Arts, Inc., et al. | Case No. |
| --- | --- |

YOU ARE BEING SUED BY PLAINTIFF: (Page 2 of Additional Plaintiffs) ...

KORINA DEL REAL; JOSE DETRES; RODRIGO DORANTES; ADRIANA EDWARDS; ARACELI ESCOTO; ASHLEY GALINDO; MELISSA GIBSON; CECILIA GOMEZ; LAUREL GRESSETT; ELIZABETH GUTIERREZ; JULIANNA HERNANDEZ; TRESA HOLLIS-PERKINS; NATALIE HORVATH; ASHLEY HUDSON; MCKIM JACOBSON; LAUREN JETTE; ORTAL KAVON; ALLYSUN KNAPP; ELAM LOPEZ; TIERRA MACON; STEPHANIE MAGANA; STEPHANIE MARTIN; ANGELICA MARTINEZ; STEPHANIE MARTINEZ; CORINNA MASSIET; VICKIE MCDOUGAL; NATALIE MCFEE; LIZETTE MELGOZA; LINDA MEPOKEE; DIEGO MONTANO; NATASHIA MONTENEGRO; STEPHANIE ROSE NORCIO; DONNA OSBORN; LILI OSTROW; LUIS PADILLA; JENNIFER PENDERGRAFT; MARY PERDOMO; JESSICA PINA; KARINA PORCAYO; APRIL REGINO; DENYSE RODRIGUEZ; ANGELA ROLLON; CHRISTINA ROMERO; VALERIE SANCHEZ; MICHELLE SANCHEZ; BIANCA SAPOZHNIKOV; THERESA STEVENS; VERONICA TAMURA; HEATHER TROTTER; ROCIO VALDEZ; MARIE VALDEZ; DAVID VALENCIA; ERWIN VALENCIA; JACQUELINE WELLS; STEPHANIE XIMENEZ-CALDERON; CHRISTINE YAACOUBIAN; MICHELE ZURCHER; SUFYAN ABDELSHIFE; CHARLES ABRENICA; ERIC ADABKHAH; PRYSCILLA ADAME; CYED ADRAINCEM; APRIL AGUILAR; CANDIDA AGUILAR; ALDRICH ALCANTARA; SCOTT ANDERSON; MARICAR ANGELES; GEOFFREY ARMSTRONG; MICHAEL ARTUS-COOPER; KYLE AU; STACEY AUSBY; DIANE AVEYTIA; DORA AVILA; ELMER AXUME; MELANNIE BAEDOR; SOHAIL BASHIRIAN; LUSWIN BAUTISTA; JOSHUA BERENGUEL; JON BILLINGS; JOHN BOGATZ; CHRISTIAN BOLANOS; ROLAND BOMBANA; JASON BONAGA; ANNIKA BOUCARD; JENNIFER BRENNAN; LAKAYA BROOKS; JENNIFER BROWN; MARIAH BRUNO; VALERIE BRYANT; SHERRY BUENTIEMPO/JOHNSTON; CHENIN BURNETT-DOERING; CAROLINA CALDERON; GARRETT CAMP; COLIN CAMPBELL; ARTURO CAMPOS; NATALIE CANNATA; ANN CAPUNITAN; JUANA CARRILLO; KAMRYN CASIDA; KRYSTLE CASPER; STEVEN CASTILLO; DANIEL CAZARES; KEVIN CHAN; DANNY CHAVEZ; HANSANG CHO; PAMELA CLARK; JENNIFER CLEVELAND; GABRIEL CONTRERAS; MATTHEW COOK; JONATHAN CORDOVA; MELISSA CORNEJO; JORGE CUADRA; ANDREW CULLEY; WILLIAM DAIGLE; ALLISON DATAN; MAUREEN DATH; AMBER DAVIS; JASON DE BERNARDO; TIMOTHY DEPASCALE; ARTURO DOMINGUEZ; DANIEL EDWARDS; JOSHUA EFFLE-HOY; BRANDON ENGHUSEN; JENNYFER ESCOBAR; MIGUEL ESCOBAR; MARK ESTES; BYRON FIGUEROA; AMY FILAKOUSKY; BRIAN FOOS; VINCENT FOY; KHACHATOUR GALDJIAN; ISAAC GALINDO; MICHELLE GARAY; JEFFREY GARCIA; JASON GARVIN; JENAY GIBSON; JENNIFER GIBSON; KATHY GLASER; FLOR GOMEZ; KEITH GOMEZ; DANIEL GONZALEZ; FERNANDO GONZALEZ; GEORGE GONZALEZ; IVAN GONZALEZ; RAFAEL GONZALEZ; PATRICE GRANT; COREY GRAY; FREDRIK GRENSTROMER; MICHAEL GUERRA; OSCAR GUERRERO HERNANDEZ; NATALIE GUTIERREZ; JESSICA HEALEY; MICHAEL HEALING; ROCIO HEIL; JOSHUA HEREDIA; CHRISTOPHER HERNANDEZ; BRIAN

| Tiffany Banks, et al. v. California School of Culinary Arts, Inc., et al. | Case No. |
|---|---|

YOU ARE BEING SUED BY PLAINTIFF: (Page 3 of Additional Plaintiffs) ...

HILDENHAGEN; DON HO; ALEXANDER HONG; KAREN HUA; PATRICIA MICHELE HUERTA; JOSEPH HUIZAR; BOBBY HUSTON; JOSE IBARRA; KARAN IBRANOSIAN; BROOKE JENSEN; JAMIE JOHNSON; JOY JORDAN; WALTER JORDAN-AZHAR; JESSICA JUSAK; SOFIA KAZANCHIAN; BRAD KEASLER; JOSEPH KELLEY; CHRISTOPHER KERMANI; DANNY KHAJEKIAN; SHANE KNAPP; MEREDITH KRAUT; HONEYLYNN LADRILLONO; MALCOLM LAKES; JACOB LARA; ERIKA LARRONDO; ANGIE LEE; KEVIN DOIL LEE; SEUNG LEE; MARLEN LEIVA; RENE LEIVA; ARIC LEWIS; YVONNE LLAMAS; AIXA LOPEZ; JUAN LOPEZ; LISA LOVE; ASHLEY LOVETTE; ERIC LUCAS; SHELLIE MADEROMURRIETTA; MARCIANA MADISON; KATIUSCA MARIN; MICHAEL MARQUEZ; ROBERT MARQUEZ; RICO MARSHELLO; GUILLERMO MAXWELL; TRACY MCFARLIN; COLIN MCRAVEY; GABRIEL MELCHOR; ROSE MENESES; TOMAS MENESES; JASON MONTELIBANO; JOSR MONTERROSA; DANIEL MOORE; YOHANA M MORALES; CYNTHIA MOREAU; DESIREE MORENO; ERNEST MORRIS; JUSTIN MOSCOWITZ; LAURA MOUA; ERMER MUNAR; ADAH MUNOZ; ANDY NAJPAUER; ZAREH NAZARYAN; SARENA NELSON; KRISTIAN NELSON; CHRISTALEY NESBITT; TORCY NEWCOMBE; CHARMEL NEWELL; APRIL NEWTON; RICHARD NOWAK; AARON OLCH; JAMES OTERO; TRAVIS OZIER; SARAH PARK; MATTHEW PARKER; KAREN PAULK; SAMUEL PAXSON; JUSTIN PENA; DANIEL PEREZ; NATHANIEL PHILLIPS; ROBERT PORTER; MICHAEL PROTUS; STEPHANIE QUAYE; LAUREN RAGAY; CANDACE REDDIX; JAVIER RENTERIA OLMEDO; LESLIE RESKA; JASON RICKARDS; DIANA RIVERA; ALEXANDER RODRIGUEZ; GABRIEL RODRIGUEZ; LUZ RODRIGUEZ; BRITTNEY RODRIGUEZ; DANIEL ROMAN; ABEL ROMERO; ADRIANA ROSALES; ALVARO RUIZ; NICOLE RUIZ; RAYMOND RUOTOLO; MICHAEL RUPP; JUAN SANCHEZ; LEYLA SANCHEZ; SALVATORE SANMARCO; NUBIA SANTIAGO; JACOB SAWYER; STEVEN SCALLION; ANDREW SCHICK; ASHLIE SEITZ; MICHAEL SHEN; TASHA SHERLEY; LUCAS SPENSER; MARTIN STAMPLER; ANDREW STARNES; DONNA STEWART; ROLANDO SUNGA III; ALICIA SWEETING; TERESA TANG; LAWRENCE TAYLOR; TRAVIS TAYLOR; CHRISTOPHER TEAGUE; HUNG TRAN; DONNA TRINH; NANCY TSAI; EVAN TSUCHIYAMA; RUSSELL TUAZON; VIGEN TUMOYAN; GEORGE TZE-POLO; DANIEL URIBE; DAVID VALDEZ; CLAUDIA VANBEEKOM; JOSEPH VANOVER; KATHERINE VASQUEZ; NICHOLAS VASQUEZ; RYAN VELILLA; JESUS VENEGAS; VICTOR VIDES; JAOCB VIGGIANO; ERIC VILLEGAS; PETER VILLEGAS; ALEXANDRA WALLEN; SARAH WARD; JESSICA WAUGH; STEPHEN WELLS; STACIE WHEELOCK; JENA WHITE; EMILY WILLIAMS; LORREN WILLIAMS; ASHLEIGH WRIGHT; SUSAN YOON; MICHELE YOSHIMURA; BRANDON YURT, Plaintiffs,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 19 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. EL-LAFLEUR-CLAYTON

1   Michael Louis Kelly (SBN 82063)
    Behram V. Parekh (SBN 180361)
2   Joshua A. Fields (SBN 242938)
    **KIRTLAND & PACKARD LLP**
3   2361 Rosecrans Avenue, Fourth Floor
    El Segundo, California 90245
4   Phone: 310.536.1000
    Facsimile: 310.536.1001
5
    Ray E. Gallo (SBN 158903)
6   Dominic Valerian (SBN 240001)
    Patrick V. Chesney (SBN 267587)
7   **GALLO & ASSOCIATES**
    1101 Fifth Avenue, Suite 205
8   San Rafael, CA 94901
    Phone: 310.338.1114
9   Facsimile: 310.338.1199

10  *Counsel for Plaintiffs*

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **COUNTY OF LOS ANGELES**

12
    TIFFANY BANKS; HALEY BERGER; ANNA          Case No.
13  BERKOWITZ; ROCCO CAMARILLO;
    JENNIFER CENTENO; CECILIA CHARKY;          **BY FAX**
14  JOHANNA CHARLTON; KATRINA                   COMPLAINT:
    COFFMAN; OSIRIS CORDOVA; ANDREW            **BC459917**
15  COTTLE; KORINA DEL REAL; JOSE
    DETRES; RODRIGO DORANTES; ADRIANA          **1. FRAUD**
16  EDWARDS; ARACELI ESCOTO; ASHLEY            **2. VIOLATION OF THE UNFAIR**
    GALINDO; MELISSA GIBSON; CECILIA              **COMPETITION LAW**
17  GOMEZ; LAUREL GRESSETT; ELIZABETH          **3. VIOLATION OF THE CONSUMERS**
    GUTIERREZ; JULIANNA HERNANDEZ;                **LEGAL REMEDIES ACT**
18  TRESA HOLLIS-PERKINS; NATALIE              **4. VIOLATION OF THE PRIVATE**
    HORVATH; ASHLEY HUDSON; MCKIM                 **POSTSECONDARY AND**
19  JACOBSON; LAUREN JETTE; ORTAL                **VOCATIONAL EDUCATION**
    KAVON; ALLYSUN KNAPP; ELAM LOPEZ;             **REFORM ACT OF 1989**
20  TIERRA MACON; STEPHANIE MAGANA;            **5. BREACH OF CONTRACT**
    STEPHANIE MARTIN; ANGELICA                 **6. DECLARATORY RELIEF**
21  MARTINEZ; STEPHANIE MARTINEZ;              **7. MONEY HAD AND RECEIVED**
    CORINNA MASSIET; VICKIE MCDOUGAL;          **8. UNJUST ENRICHMENT**
22  NATALIE MCFEE; LIZETTE MELGOZA;            **9. CONSTRUCTIVE TRUST**
    LINDA MEPOKEE; DIEGO MONTANO;
23  NATASHIA MONTENEGRO; STEPHANIE             **JURY TRIAL DEMANDED**
    ROSE NORCIO; DONNA OSBORN; LILI
24  OSTROW; LUIS PADILLA; JENNIFER
    PENDERGRAFT; MARY PERDOMO; JESSICA
25  PINA; KARINA PORCAYO; APRIL REGINO;
    DENYSE RODRIGUEZ; ANGELA ROLLON;
26  CHRISTINA ROMERO; VALERIE SANCHEZ;
    MICHELLE SANCHEZ; BIANCA
27  SAPOZHNIKOV; THERESA STEVENS;

                              COMPLAINT

VERONICA TAMURA; HEATHER TROTTER; ROCIO VALDEZ; MARIE VALDEZ; DAVID VALENCIA; ERWIN VALENCIA; JACQUELINE WELLS; STEPHANIE XIMENEZ-CALDERON; CHRISTINE YAACOUBIAN; MICHELE ZURCHER; SUFYAN ABDELSHIFE; CHARLES ABRENICA; ERIC ADABKHAH; PRYSCILLA ADAME; CYED ADRAINCEM; APRIL AGUILAR; CANDIDA AGUILAR; ALDRICH ALCANTARA; SCOTT ANDERSON; MARICAR ANGELES; GEOFFREY ARMSTRONG; MICHAEL ARTUS-COOPER; KYLE AU; STACEY AUSBY; DIANE AVEYTIA; DORA AVILA; ELMER AXUME; MELANNIE BAEDOR; SOHAIL BASHIRIAN; LUSWIN BAUTISTA; JOSHUA BERENGUEL; JON BILLINGS; JOHN BOGATZ; CHRISTIAN BOLANOS; ROLAND BOMBANE; JASON BONAGA; ANNIKA BOUCARD; JENNIFER BRENNAN; LAKAYA BROOKS; JENNIFER BROWN; MARIAH BRUNO; VALERIE BRYANT; SHERRY BUENTIEMPO/JOHNSTON; CHENIN BURNETT-DOERING; CAROLINA CALDERON; GARRETT CAMP; COLIN CAMPBELL; ARTURO CAMPOS; NATALIE CANNATA; ANN CAPUNITAN; JUANA CARRILLO; KAMRYN CASIDA; KRYSTLE CASPER; STEVEN CASTILLO; DANIEL CAZARES; KEVIN CHAN; DANNY CHAVEZ; HANSANG CHO; PAMELA CLARK; JENNIFER CLEVELAND; GABRIEL CONTRERAS; MATTHEW COOK; JONATHAN CORDOVA; MELISSA CORNEJO; JORGE CUADRA; ANDREW CULLEY; WILLIAM DAIGLE; ALLISON DATAN; MAUREEN DATH; AMBER DAVIS; JASON DE BERNARDO; TIMOTHY DEPASCALE; ARTURO DOMINGUEZ; DANIEL EDWARDS; JOSHUA EFFLE-HOY; BRANDON ENGHUSEN; JENNYFER ESCOBAR; MIGUEL ESCOBAR; MARK ESTES; BYRON FIGUEROA; AMY FILAKOUSKY; BRIAN FOOS; VINCENT FOY; KHACHATOUR GALDJIAN; ISAAC GALINDO; MICHELLE GARAY; JEFFREY GARCIA; JASON GARVIN; JENAY GIBSON; JENNIFER GIBSON; KATHY GLASER; FLOR GOMEZ; KEITH GOMEZ; DANIEL GONZALEZ; FERNANDO GONZALEZ; GEORGE GONZALEZ; IVAN GONZALEZ; RAFAEL GONZALEZ; PATRICE GRANT;

1

COREY GRAY; FREDRIK GRENSTROMER; MICHAEL GUERRA; OSCAR GUERRERO HERNANDEZ; NATALIE GUTIERREZ; JESSICA HEALEY; MICHAEL HEALING; ROCIO HEIL; JOSHUA HEREDIA; CHRISTOPHER HERNANDEZ; BRIAN HILDENHAGEN; DON HO; ALEXANDER HONG; KAREN HUA; PATRICIA MICHELE HUERTA; JOSEPH HUIZAR; BOBBY HUSTON; JOSE IBARRA; KARAN IBRANOSIAN; BROOKE JENSEN; JAMIE JOHNSON; JOY JORDAN; WALTER JORDAN-AZHAR; JESSICA JUSAK; SOFIA KAZANCHIAN; BRAD KEASLER; JOSEPH KELLEY; CHRISTOPHER KERMANI; DANNY KHAJEKIAN; SHANE KNAPP; MEREDITH KRAUT; HONEYLYNN LADRILLONO; MALCOLM LAKES; JACOB LARA; ERIKA LARRONDO; ANGIE LEE; KEVIN DOIL LEE; SEUNG LEE; MARLEN LEIVA; RENE LEIVA; ARIC LEWIS; YVONNE LLAMAS; AIXA LOPEZ; JUAN LOPEZ; LISA LOVE; ASHLEY LOVETTE; ERIC LUCAS; SHELLIE MADERO-MURRIETTA; MARCIANA MADISON; KATIUSCA MARIN; MICHAEL MARQUEZ; ROBERT MARQUEZ; RICO MARSHELLO; GUILLERMO MAXWELL; TRACY MCFARLIN; COLIN MCRAVEY; GABRIEL MELCHOR; ROSE MENESES; TOMAS MENESES; JASON MONTELIBANO; JOSR MONTERROSA; DANIEL MOORE; YOHANA M MORALES; CYNTHIA MOREAU; DESIREE MORENO; ERNEST MORRIS; JUSTIN MOSCOWITZ; LAURA MOUA; ERMER MUNAR; ADAH MUNOZ; ANDY NAJPAUER; ZAREH NAZARYAN; SARENA NELSON; KRISTIAN NELSON; CHRISTALEY NESBITT; TORCY NEWCOMBE; CHARMEL NEWELL; APRIL NEWTON; RICHARD NOWAK; AARON OLCH; JAMES OTERO; TRAVIS OZIER; SARAH PARK; MATTHEW PARKER; KAREN PAULK; SAMUEL PAXSON; JUSTIN PENA; DANIEL PEREZ; NATHANIEL PHILLIPS; ROBERT PORTER; MICHAEL PROTUS; STEPHANIE QUAYE; LAUREN RAGAY; CANDACE REDDIX; JAVIER RENTERIA OLMEDO; LESLIE RESKA; JASON RICKARDS; DIANA RIVERA; ALEXANDER RODRIGUEZ; GABRIEL RODRIGUEZ; LUZ RODRIGUEZ; BRITTNEY RODRIGUEZ; DANIEL ROMAN; ABEL ROMERO; ADRIANA ROSALES; ALVARO

2

RUIZ; NICOLE RUIZ; RAYMOND RUOTOLO; MICHAEL RUPP; JUAN SANCHEZ; LEYLA SANCHEZ; SALVATORE SANMARCO; NUBIA SANTIAGO; JACOB SAWYER; STEVEN SCALLION; ANDREW SCHICK; ASHLIE SEITZ; MICHAEL SHEN; TASHA SHERLEY; LUCAS SPENSER; MARTIN STAMPLER; ANDREW STARNES; DONNA STEWART; ROLANDO SUNGA III; ALICIA SWEETING; TERESA TANG; LAWRENCE TAYLOR; TRAVIS TAYLOR; CHRISTOPHER TEAGUE; HUNG TRAN; DONNA TRINH; NANCY TSAI; EVAN TSUCHIYAMA; RUSSELL TUAZON; VIGEN TUMOYAN; GEORGE TZE-POLO; DANIEL URIBE; DAVID VALDEZ; CLAUDIA VANBEEKOM; JOSEPH VANOVER; KATHERINE VASQUEZ; NICHOLAS VASQUEZ; RYAN VELILLA; JESUS VENEGAS; VICTOR VIDES; JAOCB VIGGIANO; ERIC VILLEGAS; PETER VILLEGAS; ALEXANDRA WALLEN; SARAH WARD; JESSICA WAUGH; STEPHEN WELLS; STACIE WHEELOCK; JENA WHITE; EMILY WILLIAMS; LORREN WILLIAMS; ASHLEIGH WRIGHT; SUSAN YOON; MICHELE YOSHIMURA; BRANDON YURT,

Plaintiffs,

vs.

CALIFORNIA SCHOOL OF CULINARY ARTS, INC., a California corporation, CAREER EDUCATION CORPORATION, a Delaware corporation, SALLIE MAE, INC., a Delaware corporation; SALLIE MAE BANK OF UTAH, a Utah corporation; SALLIE MAE EDUCATION TRUST, a Delaware statutory trust; SLM EDUCATION CREDIT FINANCE CORPORATION, a Delaware corporation; SLM EDUCATION CREDIT MANAGEMENT CORPORATION, a Delaware corporation; CAVALIER FUNDING 1 LLC, a Delaware limited liability company; NELNET, INC., a Nebraska Corporation; DOLLAR BANK, FEDERAL SAVINGS BANK, a Pennsylvania corporation; STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation; SOUTHWEST BANCORP, INC., an Oklahoma corporation; JPMORGAN CHASE & Co., a Delaware corporation; WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation;

COMPLAINT

1  WACHOVIA FINANCIAL SERVICES, INC. a
   North Carolina corporation; BANK OF
2  AMERICA CORPORATION, a Delaware
   corporation;  BANK OF AMERICA, N.A., a
3  national association; CITIGROUP, INC., a
   Delaware corporation; AFFILIATED
4  COMPUTER SERVICES, INC., a Delaware
   Corporation; GREEN TREE SERVICING LLC, a
5  Delaware limited liability company;
   EDFINANCIAL SERVICES, LLC, a Nevada
6  limited liability company; and DOES 1 to
   1,000,000 inclusive,

7                    Defendants.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT

1        Plaintiffs' allegations are based on the investigation of counsel, including but not

2    limited to reviews of advertising and marketing material, SEC filings, other publicly available

3    information, interviews of former employees and former students, and review of non-confidential

4    documents produced by Defendants, and thus on information and belief, except as to the

5    individual actions of Plaintiffs, as to which Plaintiffs have personal knowledge.

6                             **The Parties**

7        1.    Plaintiffs are current or former students of the California School of Culinary Arts.

8    Plaintiffs are listed in alphabetical order in the appendix hereto by program.  That appendix is

9    incorporated into this Complaint as if set forth fully herein, and further sets forth each Plaintiff's

10   program of study and, to the extent known, each Plaintiff's Note holder and Note servicer (as more

11   fully described below).

12       2.    Defendant California School of Culinary Arts, Inc. ("CSCA") is a California

13   corporation that operates a for-profit culinary school under the same name in Pasadena, California,

14   County of Los Angeles.  CSCA also currently does and at all relevant times did business as Le

15   Cordon Bleu under a license to use that name.  It is wholly owned and operated by Defendant

16   Career Education Corporation.

17       3.    Defendant Career Education Corporation ("CEC") is a Delaware corporation that

18   does business in the City of Pasadena and the County of Los Angeles by and through its wholly

19   owned and controlled subsidiary CSCA.

20       4.    Plaintiffs are informed and believe that CEC exercises complete dominion and

21   control over each and all of its subsidiaries, including CSCA, enjoys the full benefit of all moneys

22   and profits earned by these subsidiaries, and benefits in other direct and indirect ways from and

23   dictates and causes all of the wrongful actions of CSCA alleged in this complaint and, as a

24   consequence, is in possession of moneys rightfully belonging to Plaintiffs.  Plaintiffs are informed

25   and believe that CEC develops and oversees the implementation of all policies and procedures at

26   CSCA, including without limitation policies and procedures concerning sales and marketing

27

COMPLAINT

1   (admissions) practices, financial aid practices, curriculum, and job placement.  Defendant CSCA

2   then implements and carries out the policies and procedures developed by CEC.

3          5.      CEC, CSCA, and Does 1-100 are collectively referred to herein as the "School

4   Defendants."

5          6.      Defendant Sallie Mae, Inc. ("Sallie Mae") is a Delaware corporation that maintains

6   its headquarters in Reston, Virginia.  At all relevant times Sallie Mae was doing business in

7   California and in this county and with California citizens.

8          7.      Defendant Sallie Mae Bank of Utah, is a Utah corporation that maintains its

9   headquarters in Murray, Utah.   At all relevant times Sallie Mae Bank of Utah was doing business

10  in California and in this county and with California citizens.

11         8.      Defendant Sallie Mae Education Trust is a statutory trust based in Delaware.   At

12  all relevant times Sallie Mae Education Trust was doing business in California and in this county

13  and with California citizens.

14         9.      Defendant SLM Education Credit Finance Corporation is a Delaware corporation

15  that maintains its headquarters in Reston, Virginia.  At all relevant times SLM Education Credit

16  Finance Corporation was doing business in California and in this county and with California

17  citizens.

18         10.     Defendant SLM Education Credit Management Corporation is a Delaware

19  corporation that maintains its headquarters in Reston, Virginia.  At all relevant times SLM

20  Education Credit Management Corporation was doing business in California and in this county

21  and with California citizens.

22         11.     Defendant Cavalier Funding 1 LLC is a Delaware limited liability company that

23  maintains its headquarters in Reston, Virginia.  At all relevant times Cavalier Funding 1 LLC was

24  doing business in California and in this county and with California citizens.

25         12.     Defendant Nelnet, Inc. is a Nebraska corporation that maintains its headquarters in

26  Lincoln, Nebraska.  At all relevant times Nelnet, Inc. was doing business in California and in this

27  county and with California citizens.

COMPLAINT

13.     Defendant Dollar Bank, Federal Savings Bank is a Pennsylvania corporation that maintains its headquarters in Pittsburgh, Pennsylvania.  At all relevant times Dollar Bank was doing business in California and in this county and with California citizens.

14.     Defendant Stillwater National Bank and Trust Corporation, a wholly owned subsidiary of Southwest Bancorp, Inc., is an Oklahoma corporation that maintains its headquarters in Stillwater, Oklahoma.  At all relevant times Stillwater National Bank and Trust Company was doing business in California and in this county and with California citizens.

15.     Defendant Southwest Bancorp, Inc., is an Oklahoma corporation that maintains its headquarters in Stillwater, Oklahoma.  At all relevant times Southwest Bancorp, Inc. was doing business in California and in this county and with California citizens.

16.     Defendant JPMorgan Chase & Co. is a Delaware corporation that maintains its headquarters in New York, New York.  At all relevant times JPMorgan Chase & Co. was doing business in California and in this county and with California citizens.

17.     Defendant Wells Fargo Bank, N.A., is a national association that maintains its headquarters in Sioux, South Dakota.   At all relevant times Wells Fargo Bank, N.A. was doing business in California and in this county and with California citizens.

18.     Defendant Wells Fargo & Company is a Delaware corporation that maintains its headquarters in San Francisco.  At all relevant times Wells Fargo & Company was doing business in California and in this county and with California citizens.

19.     Defendant Wachovia Financial Services, Inc. is a North Carolina corporation that maintains its headquarters in Charlotte, North Carolina.  At all relevant times Wachovia Financial Services, Inc. was doing business in California and in this county and with California citizens.

20.     Defendant Bank of America Corporation is a Delaware corporation that maintains its headquarters in Charlotte, North Carolina.  At all relevant times alleged Bank of America Corporation was doing business in California and in this county and with California citizens.

21.     Defendant Bank of America, N.A. is a national association that maintains its headquarters in Charlotte, North Carolina.  At all relevant times Bank of America, N.A. was doing

7

business in California and in this county and with California citizens.

22.     Defendant Citigroup, Inc. is a Delaware corporation that maintains its headquarters in New York, New York.  At all relevant times Citigroup, Inc. was doing business in California and in this county and with California citizens.

23.     Defendant Affiliated Computer Services, Inc. is a Delaware corporation that maintains its headquarters in Dallas, Texas.  At all relevant times Affiliated Computer Services, Inc. was doing business in California and in this county and with California citizens.

24.     Defendant Green Tree Servicing, LLC is a Delaware limited liability company that maintains its headquarters in St. Paul, Minnesota.  At all relevant times Green Tree Servicing, LLC was doing business in California and in this county and with California citizens.

25.     Defendant Edfinancial Services, LLC is a Nevada limited liability company that maintains its headquarters in Knoxville, Tennessee.  At all relevant times Edfinancial Services, LLC was doing business in California and in this county and with California citizens.

26.     Defendants CEC; CSCA; Sallie Mae, Inc.; Sallie Mae Bank of Utah; Sallie Mae Education Trust; SLM Education Credit Finance Corporation; SLM Education Credit Management Corporation; Cavalier Funding 1 LLC; Nelnet, Inc.; Dollar Bank, Federal Savings Bank; Stillwater National Bank and Trust Company; Southwest Bancorp., Inc., JPMorgan Chase & Co.; Wells Fargo Bank, N.A.; Wells Fargo & Company; Wachovia Financial Services, Inc.; Bank of America Corporation; Bank of America, N.A.; Citigroup; Edfinancial Services, LLC; and Does 101-1,000,000 are collectively referred to herein as the "Lender Defendants."[1]

27.     Each of DOES 1-100 is the agent, servant, partner, joint-venturer, co-venturer, principal, director, officer, manager, employee, or shareholder of one or more of its co-defendants who aided, abetted, controlled, and directed or conspired with and acted in furtherance of said conspiracy with one or more of its co-defendants in performance of the acts and omissions described below and for the fraudulent purposes described below.

---

[1] CSCA and CEC and/or their corporate affiliates also extended student loans to one or more Plaintiffs and are thus both Lender Defendants and School Defendants as defined herein.

28.    Each of DOES 101-1,000,000 is the legal or beneficial holder or servicer of a Note (as used in this complaint, the term "Note(s)" is defined as a promissory note, loan agreement, or other debt obligation entered into by any Plaintiff to finance the costs of enrolling in and/or attending CSCA).  Plaintiffs sue each of these Doe Defendants by these fictitious names because Plaintiffs do now know these Defendants' true names and capacities.

29.    At all relevant times, each Defendant conspired with each other Defendant to commit the wrongful acts set forth in each cause of action in this complaint, in furtherance of said conspiracy, and as a result is liable and responsible for the acts of each Defendant that acted wrongfully, whether or not each co-conspirator actually committed those wrongful acts, or only conspired with the other Defendants to have them committed.

## Factual Summary of the Claims

30.    The School Defendants aggressively marketed CSCA to Plaintiffs through a pattern of partial truths, misleading statements, significant omissions, assertions of fact that the School Defendants had no reasonable ground for believing to be true, and outright lies, all of which were designed to create, in the minds of Plaintiffs, the strong impression that they would be both professionally and financially better off if they attended CSCA.  In fact, Plaintiffs received a degree that is effectively worthless to them, ended up, at best, with jobs that they could have obtained without a CSCA degree, and consequently are saddled with non-dischargeable student loans that they cannot repay or service that spiral upward to create a condition of lifelong financial ruin and indentured servitude.  All of this was known to the School Defendants when they solicited Plaintiffs, but was not disclosed.

31.    CSCA offers various culinary education programs to its students.  Plaintiffs enrolled in either the 15 month, approximately $41,000 to $50,000 Culinary Arts Program or the 10 month, approximately $22,000 to $28,000 Patisserie and Baking Program (collectively, the "Culinary Degree Programs" or "Programs").

32.    CSCA induces prospective students to enroll in the Programs through an ongoing fraudulent scheme (the "Fraud") comprised of an extensive marketing campaign that includes

9

COMPLAINT

1   television, radio, print, internet, and in-person recruitment.  The in-person component of the Fraud

2   is carried out by the School Defendants' quota-driven salespeople on the phone, by mail, by email,

3   and in face to face meetings with prospective students.

4   <u>Written Misrepresentations</u>

5       33.    Over the course of the Fraud, the School Defendants made the following written

6   representations to each Plaintiff:

7       34.    The School Defendants represented that CSCA's Programs lead to Chef positions.

8   The School Defendants routinely made this representation in their marketing materials, both

9   implicitly and explicitly.  Representative examples include, but are not limited to the following:

10          a.    A CSCA advertisement attached hereto as Exhibit 1 states "Train to

11                Become a Professional Chef at California School of Culinary Arts."

12          b.    A CSCA advertisement attached hereto as Exhibit 2 features a photograph

13                of a chef's hat and states: "Everything goes with white.  Especially success.  In

14                our 15-month Culinary Arts Degree Program, you'll gain more expertise and

15                confidence than in years of working your way up the culinary ladder.  You can

16                graduate a Le Cordon Bleu level culinary chef and enter a world where your

17                skills are both respected and sought after."

18          c.    CSCA advertisements attached hereto as Exhibits 3-7 list Chef level

19                positions as representative examples of job opportunities in culinary arts

20                available to graduates of CSCA.

21          d.    A CSCA advertisement attached hereto as Exhibit 8 purports to list the

22                "Top Ten Reasons to Attend California School of Culinary Arts."  The number

23                one reason is "Le Cordon Bleu" as it "has produced some of the world's finest

24                chefs...."

25          e.    A CSCA advertisement attached hereto as Exhibit 9 shows a photo of a

26                Chef and states "Become a successful artist in just over a year.  California

27                School of Culinary Arts – 15 month Culinary Arts AOS Degree.  You'll gain

10

COMPLAINT

1   more expertise in 15 months than in years of working your way up the culinary

2   ladder.  You can graduate a Le Cordon Bleu level culinary chef and enter a

3   world where your skills are both respected and sought after.  Indulge your

4   creativity.  And begin a successful career that challenges and rewards you every

5   day."

6   f.   A CSCA postcard advertisement attached hereto as Exhibit 10 shows a

7   photo of a Chef's hat and states "Some of the great chefs of the past 100 years

8   received Le Cordon Bleu culinary training.  You can, too. … Find out if a

9   rewarding career as a highly-trained culinary magician could be right for you."

10   g.   A CSCA advertisement attached hereto as Exhibit 11 shows a photo of a

11   Chef's hat and states "How you dress on the weekend could change your life.

12   Introducing the Weekend Patisserie & Baking Program at the California School

13   of Culinary Arts.  Work a fantastic new career into your busy schedule in only

14   90 days, through our accelerated weekend program.  You'll graduate a Le

15   Cordon Bleu level pastry chef, in an artistic field where your skills are in

16   demand and the sky's the limit.  That's a career to be proud of."

17   h.   A CSCA advertisement attached hereto as Exhibit 12 states "Become a Le

18   Cordon Bleu level pastry chef in an artistic field where your skills are in

19   demand and the sky's the limit.  …  Whether you've ever dreamed of owning

20   your own bakery, café or special-occasion catering company, or becoming an

21   executive level pastry chef for a four star restaurant, the Le Cordon Bleu

22   Patisserie & Baking Program at CSCA is perfect for you."

23   i.   A letter from CSCA's President, Tony Bondi, to high school seniors

24   attached hereto as Exhibit 13 states "*If you're the kind of person who has*

25   *always dreamed of becoming a professional chef, we can help turn your dream*

26   *into a reality…at the California School of Culinary Arts.*"

27

11

COMPLAINT

j.     A page from CSCA's School Catalog, attached hereto as Exhibit 14 states that CSCA is where "[w]e separate the chefs from the cooks" – implying that CSCA graduates would be able to obtain Chef positions, not lower level positions like "line cook" or even "prep cook."

k.     A page from CSCA's School Catalog, attached hereto at Exhibit 15 states: "CSCA is a great place to explore all aspects of the restaurant industry. Whether you want to be a restaurant chef, a food stylist, a personal chef, a caterer, a pastry chef, or baker—it's all available here.  It would take you forever in the real world to get that kind of exposure."

l.     A page from CSCA's School Catalog, attached hereto at Exhibit 16 features a photograph of a chef and states: "Everything goes with a white jacket. Especially success.  With a career in the culinary arts, baking and patisserie, or hospitality management, the opportunities are endless."

m.     The School Defendants' quota-driven salespeople showed prospective students a flip chart entitled "MAKING THE RIGHT DECISION," containing a section called "ROAD TO YOUR CAREER", which is attached hereto as Exhibit 17.[2]  The section begins: "JOB OR CAREER… THERE IS A BIG DIFFERENCE."  It shows an overworked kitchen worker and explains: "**JOB**[:] Little or No Security[,] Low Pay[,] Small Raises[,] Long Hours[,] Few Opportunities[.]"  The next page shows a Chef and states "**CAREER**[:] Personal Professional Growth[,] Competitive Pay[,] Advancement Opportunities[,] Challenging Work[,] Employee Benefits[.]"

35.     The School Defendants provided each prospective student with placement statistics showing that a substantial percentage of graduates (75%-96% for the Culinary Arts Program and,

---

[2] The School Defendants' quota-driven salespeople were required to show such flip charts to each prospective student and were trained that they were the most important part of the interview process as they would provide prospective students with the facts necessary to make an informed decision to attend CSCA.

1  on average and during most of the relevant period, about 75% for the Patisserie and Baking

2  Program).[3]  Plaintiffs reasonably understood that these placement rates were based on "Chef" or

3  equivalent positions because, as set forth above, the School Defendants represented that this was

4  the type of position to which a culinary degree from CSCA would lead.

5       36.    The School Defendants supported these statistics with representations that their

6  graduates had a strong track record of successful placements.  Representative examples of these

7  representations include, but are not limited to the following:

8       a.    Pages from CSCA's School Catalog attached hereto at Exhibit 18 state:

9            "The sky's the limit.  Upon graduation, you should be fully prepared to make

10            your mark in the culinary and hospitality industries. ... [E]mployers welcome

11            our graduates because they know they're working with some of the best

12            possible candidates."

13       b.    Exhibits 2 and 9, CSCA advertisements described above, state: "You can

14            graduate a Le Cordon Bleu level culinary chef and enter a world where your

15            skills are both respected and sought after."

16       c.    Exhibits 11 and 12, CSCA advertisements described above, state "You'll

17            graduate a Le Cordon Bleu level pastry chef, in an artistic field where your

18            skills are in demand and the sky's the limit.  That's a career to be proud of."

19       37.    The School Defendants represented that their Culinary Degree Programs were a

20  good investment.  This message was implied by each of the representations described above, but

21  was also made expressly.  Examples include but are not limited to the following:

22       a.    As part of a flip chart entitled "MAKING THE RIGHT DECISION," the

23            School Defendants' quota-driven salespeople showed prospective students a

24

25  [3] The Patisserie and Baking Program's placement rates for 2004 and 2005 were 20% and 53% respectively.  CSCA explained the 20% placement rate in the 2004 statistics with an asterisk

26  noting "This program is new."  From 2005 through 2008 the Patisserie and Baking Program's placement rate averaged roughly 77%.  While the 2004 and 2005 placement rates are not

27  particularly high, they would have been significantly lower if CSCA only included Chef positions and their equivalent.

COMPLAINT

table, attached hereto as Exhibit 19, which illustrates a CSCA graduate's projected earnings over a five year period compared with the military, junior college, and four year college.  The table represents that by attending CSCA, a prospect would make significantly more money, and do it sooner, than they would through these alternatives.

b.      The School Defendants' quota-driven salespeople showed prospective students flip chart pages, attached hereto as Exhibit 20, which state "Financing Your Education *An Investment in Your Future* ... CONGRATULATIONS! ... You've chosen a wonderful school. You're making a great investment in your future."

c.      By the nature of the transactions Defendants proposed to Plaintiffs, i.e. the tuition and costs Defendants proposed Plaintiffs pay, and the loans that would be and were required to pay those costs and attend CSCA (loans that the School Defendants arranged, facilitated, or otherwise made available), Defendants' represented and then confirmed to prospective students that those who graduated would be able to service, and within a reasonable period of time pay off, the loans that the School Defendants arranged for them.

38.     The School Defendants represented that CSCA had an aggressive on-site job placement agency with a great track record for successful placements that would provide career services support for graduates throughout their careers.

39.     The School Defendants represented that CSCA had an excellent reputation in the food service industry and that its graduates were highly sought after by employers.

40.     Each of the foregoing representations was false and misleading.  The true facts, which the School Defendants knew and had a duty to disclose, were as follows:

41.     The vast majority of CSCA graduates are not hired as Chefs.  If able to find employment in the culinary industry at all they find only entry level positions as line cooks, prep cooks, or other similar positions.  On average, these entry level positions paid graduates of the

1    Patisserie and Baking Program $8 to $10 an hour and graduates of the Culinary Arts Program $10

2    to $12 an hour—significantly less than Chef positions typically pay and not enough to maintain

3    even a minimal standard of living in Los Angeles, particularly after adjusting for the student debt

4    service obligations that the School Defendants knew Plaintiffs and each of them would have as a

5    result of attending the school.

6            42.     In reality, only years of experience in restaurant kitchens working at low wages

7    and/or truly exceptional ability, including leadership and management skills (for which the School

8    Defendants' "admissions" personnel do not at all screen) could ever qualify anyone to be a Chef.

9    Attending or graduating from CSCA does not.  Because of the experience and skills required to

10   become a Chef, and the economic burden imposed by the debt a CSCA education entails, perhaps

11   1 in 50 graduates will ever become a Sous Chef, and 1 in 200 will ever become a Chef.  And by

12   the time they do, their debt will be so great, they will continue to live in effective poverty for

13   many, many years.  In other words, less than 5% of CSCA graduates will ever get what CSCA

14   sold Plaintiffs — the opportunity to become a Chef — and virtually none will ever enjoy any net

15   financial benefit from having gone to CSCA, nevermind the benefits CSCA represented would

16   result.

17           43.     The School Defendants knew that CSCA's Programs did not lead to Chef positions

18   in the short term for the vast majority of graduates.  As required by California law, the School

19   Defendants surveyed all recent Program graduates regarding their jobs and salaries.  These surveys

20   revealed that the vast majority of recent graduates were not working as Chefs, but were working in

21   entry level positions, such as prep cook and line cook, that paid $8 to $12 an hour, most at $10 per

22   hour.  Although most restaurant workers are paid by the hour, so that restaurants may control costs

23   by sending lower level employees home when the night or day is slow, such that these graduates

24   were not getting 40 hours of work 52 weeks a year, or anything close to that, CSCA chose to

25   record each $10 an hour employee in its records as a "salaried employee at $22,800 per year ($10

26   per hour x 40 hours a week x 52 weeks).  This was a lie.

27

44.     Moreover, the School Defendants did not compile any data regarding graduates' medium or long term wages or their prospects after graduation, and/or of their progress toward becoming Chefs, but instead remained willfully ignorant of this information. *The School Defendants, at all relevant times, had no reasonable ground for believing that any significant percentage of CSCA graduates would ever become chefs, and in fact knew that they would not.* Accordingly, by representing that CSCA's Programs lead to Chef positions, while failing to disclose that they had no factual basis for that assertion, the School Defendants knowingly and intentionally or recklessly misled Plaintiffs.

45.     In 2010, School Defendants modified their catalog for CSCA, to include the following language:

> Upon completion of the program the graduate should have the skills needed to begin their career in the culinary and/or hospitality industries at an entry level. Examples of some job titles for graduates include Cook, Line Cook, Catering Assistant, Banquet Cook, Garde Manger, Baker, Roundsman and Prep Cook. The various titles of "chef" generally apply to more advanced roles in a professional kitchen (for example, Sous Chef, Executive Chef). Graduates should not expect to Become Chefs upon graduation but are encouraged to work toward becoming a Chef through the course of their careers.

The School Defendants knew, since at least 2003, that CSCA graduates had little or no chance of ever becoming Chefs, and no chance at all of becoming a Chef upon graduation.

46.     Furthermore, School Defendants, in or about 2010, deleted the word "Chef" from their television advertising and from recruitment materials and scripts, for the reason that the word "Chef" might be "misheard" or "misleading."

47.     The placement rates the School Defendants provided to Plaintiffs were not based only on "Chef" or equivalent positions, but on any position in the "hospitality" industry obtained

by any graduate. Thus, a graduate who obtained a position as a Starbucks barista, an $8 an hour prep cook, a hot dog stand operator, or a "food runner" at multiple mass service events, would be considered to have been "placed" for purposes of these statistics. Part-time and "freelance" employees were also considered "placed." And, indeed, these placement statistics reflected almost entirely jobs paying $12 an hour or less. Because Plaintiffs reasonably understood these placement rates to refer to "Chef" positions when they did not, and to positions paying wages that these jobs did not pay, the placement statistics were grossly false and misleading.

48.    The School Defendants knew that the placement rates were not based only on "Chef" or equivalent positions because they themselves had sought and obtained the raw data upon which the statistics were based, had decided what jobs to consider as successful placements, and calculated the resulting placement rates. The School Defendants also knew that prospective students believed the placement rates were based on Chef and similarly well-paying positions because they were the ones that had led them to this belief and because counting as successful placements other, inferior positions (the kind actually counted) was inconsistent with numerous other representations made by the School Defendants as alleged above.

49.    A CSCA degree is not a good investment but an extremely bad one. To cover the $22,000 to $50,000 cost of CSCA's Programs, virtually all of CSCA's prospective students had to borrow money, mostly at high and variable interest rates, and mostly with loans specifically arranged by CSCA. School Defendants at all relevant times knew that the average loan for their students would bear interest of 12%. Upon graduating, most CSCA students cannot afford the monthly debt service on these loans with the $12 an hour or less they earn, a fact the School Defendants at all relevant times knew.

50.    As a consequence, CSCA students almost uniformly are compelled to enter into "deferral" arrangements with their lenders whereby their payments obligations are temporarily suspended but interest accrues along with special charges or fees for the deferral arrangement. Within three years of graduating, the average CSCA graduate owes $60,000 or more on his or her CSCA student loans. After five years, collection charges and other fees and penalties frequently

1  push this debt to over $100,000.  As student loans are not dischargeable in bankruptcy absent

2  exceptional circumstances, these former CSCA students have been effectively placed in a position

3  of indentured servitude.  Former CSCA students in many, many cases will never be able to buy a

4  house, obtain credits cards, rent a car, or borrow money for education. A $22,000 to $50,000

5  vocational degree that does not increase income and that is financed through high interest debt that

6  graduates cannot afford to repay is not a good investment, but a financially devastating mistake

7  that destroys a person's quality of life in material ways.

8        51.    The School Defendants knew that a CSCA degree was not a good investment.  As

9  set forth above, through their own primary research (calls to graduates and employers) and the

10  resulting survey results they were aware that their graduates only earned $8 to $12 an hour

11  working in the culinary field, the same wage they could earn in the culinary field without a CSCA

12  degree.  They were also aware of the vast majority of students' loan terms, having arranged the

13  loans and processed the loan applications themselves.  In addition, they were actively involved in

14  monitoring and minimizing their graduates' short term default rate by encouraging students to

15  defer their student loan payment obligations—because an excessive default rate would disqualify

16  CSCA for Title IV funding.  Through this involvement, the School Defendants learned that with

17  rare exceptions CSCA graduates did not earn enough working in culinary jobs to repay their

18  student loans and otherwise pay even very modest living expenses.  As only the two year default

19  rate was relevant to Title IV eligibility, however, the School Defendants remained willfully

20  ignorant of their graduates' medium and long-term default rates and debt burden.

21        52.    When during the enrollment process prospective students asked whether they could

22  expect to service and then pay off their loans taken out to attend CSCA within a reasonable period

23  of time, they were told "yes" and were provided with a written "estimate" of what they would

24  need to pay per month to service and pay off their loans taken out to attend CSCA.  This written

25  estimate did not reflect the large payments on "private" loans that would be required and arranged

26  by CSCA with the Lender Defendants to pay for the proposed CSCA training.   Instead, the

27  "estimate" only reflected what CSCA guessed the payment would be on the student's  federally

1    subsidized loans.  Prospective students were not told that this written estimate of their monthly

2    payment was only a "guess" by CSCA as to the amounts required to be paid, or that it

3    intentionally excluded the cost of payments that would be required on the one or more additional

4    "private" loans that CSCA would arrange and the prospective student would be required to obtain

5    to pay for the proposed CSCA training.  These "estimates" were intentionally low, so as to

6    convince prospective students and continuing students that they would be able to service, and in a

7    reasonable time pay off, their loans when, in fact, CSCA at all relevant times knew that this would

8    be impossible.

9         53.    CEC's stock analysts were also aware that CSCA—like CEC's other culinary

10   schools—was not a good investment.  In a third-quarter 2008 CEC earnings call, one analyst said

11   to CEC's senior officers "...[W]e've all known for quite some time that the starting salary levels of

12   students that graduate in that segment [culinary school] are very low, and that the cost equation

13   does not work out on paper the way it does in some of the other segments."  In response, these

14   senior officers did not deny this economic fact.

15        54.    Contrary to CSCA's quota-driven salespeople's representations, CSCA did not

16   have an aggressive on-site job placement agency with a great track record for successful

17   placements and did not provide lifetime Career Services support.  Career Services personnel did

18   little more than direct graduates to websites with job listings that they could find themselves, such

19   as Craigslist, or provide compilations of such listings mined from such websites.  Career Services

20   personnel devoted no time to students who were not recent graduates.  If such graduates got any

21   help at all, it was a referral to a public job board.

22        55.    Contrary to CSCA's quota-driven salespeople's representations, at all relevant

23   times CSCA had a poor reputation in the food service industry.  Because CSCA admitted students

24   without regard to their ability to become Chefs and graduated students without due regard for

25   whether they had mastered the skills CSCA purportedly teaches, many graduates of CSCA had

26   few or none of the skills a culinary degree should guarantee.  Accordingly, a degree from CSCA

27

1   denoted an unlikelihood rather than a likelihood of capability and was frequently a detriment to

2   graduates seeking employment—including those who had mastered the appropriate skills.

3       56.    Rather than disclose these facts, the School Defendants actively concealed them.

4   Quota-driven salespeople were directed to, and methodically and pursuant to the School

5   Defendants' policies did, methodically avoid discussion of the foregoing true facts.  If prospective

6   students raised the issues, the quota-driven salespeople lied or changed the subject.

7   Oral Misrepresentations

8       57.    Through their quota-driven salespeople, the School Defendants made each of the

9   foregoing misrepresentations orally.  The quota-driven salespeople also engaged in a pattern and

10   practice of making made the following additional oral misrepresentations:

11       58.    CSCA's quota-driven salespeople routinely claimed that CSCA graduates could

12   expect to earn Chef salaries of $40,000 a year—or in many specific instances much more—or,

13   (instead of answering the "what will I earn" question directly) suggested that prospective students

14   could find out what a "Chef" makes by doing their own research online (which they knew would

15   result and did result in prospective students finding that median Chef salaries are generally

16   $40,000-$50,000 a year).

17       59.    CSCA's quota-driven salespeople claimed that CSCA was selective in the students

18   it admitted, and that it was up to the admissions' representative to either recommend or not

19   recommend the student for admission to an "admissions committee," and that such quota-driven

20   salespeople would only recommend the student for admission if they were convinced the student

21   would be a good fit and successful in the Program.  These representations of selectivity were

22   implemented by the School Defendants through scripts they provided to their quota-driven

23   salespeople.  They were intended to and did bolster the credibility of the School Defendants'

24   representations that its Programs qualified graduates for Chef jobs and Chef salaries.

25       60.    As the School Defendants knew, each of these representations was misleading.

26   The true facts, which the School Defendants had a duty to disclose, were as follows:

27

20
COMPLAINT

61. The vast majority of CSCA graduates are not hired as Chefs. If they find employment in the culinary industry at all, they are hired into entry level positions as line cooks, prep cooks, or other similar positions. On average, these entry level positions paid graduates of the Patisserie and Baking Program $8 to $10 an hour, and graduates of the Culinary Arts Program $10 to $12 an hour—significantly less than wage Chef positions typically pay.

62. There is no selectivity in CSCA's admissions process, or at least none dependent upon ability or suitability. Anyone with a high-school diploma and/or a GED who is judged able to obtain a loan and show up for at least the first five days of class (thereby enabling CSCA to retain a healthy chunk of the student's tuition payments even if they subsequently drop out) is admitted. The interview process is solely designed to make the target student more likely to sign up and show up, not to screen the target student in any way.

63. The School Defendants were on notice at all relevant times that these misrepresentations and lies were being told to prospective students by their employees and, in fact, rewarded their top sales people who, of necessity, were the ones telling these lies. Rewards included, among other things, miscellaneous perquisites and better sales leads. Because enrollees who knew the truth about CSCA would not enroll, honest CSCA salespeople failed to convert sales leads into admissions at the same rate as their peers (if at all), were not able to meet their admissions targets, and were fired.

64. Grossly misled, and reasonably relying on the School Defendants' misrepresentations, Plaintiffs and each of them borrowed large sums of money at high interest rates and enrolled in CSCA. As a result, Plaintiffs have been damaged by, among other things: (1) borrowing the cost of attending CSCA at high interest rates; (2) paying tuition to the School Defendants; (3) paying interest, penalties, and other charges on student loans that the School Defendants induced them to take out to pay tuition; (4) losing time and income that they otherwise would have earned; (5) incurring emotional, psychological, and related injuries; and (6) incurring severe long-term damage to their credit including, but not limited to, their ability to obtain credit for auto loans, additional student loans, home loans, and credit cards. Plaintiffs have been

1    damaged in other and further ways subject to proof at trial.

2              **Lender Defendants' Derivative Liability Under the Holder Clause**

3          65.      The vast majority of students who attended CSCA during the relevant period

4    took out student loans to cover their tuition and related costs.  Sallie Mae or one of its partners or

5    affiliates provided the vast majority of these loans because CSCA referred all students to Sallie

6    Mae pursuant to a contract between the School Defendants and Sallie Mae.  The remaining loans

7    were provided by other Lender.

8          66.      On information and belief, the School Defendants referred each Plaintiff to the

9    lenders that originated each of that Plaintiff's loans.  Pursuant to 16 C.F.R. § 433.2 (the "Holder

10   Rule"), the Federal Trade Commission ("FTC") requires that all purchase money loan agreements,

11   including agreements for the purchase of educational services,[4] must contain a clause that subjects

12   the holder of the note to all claims and defenses that the buyer could assert against the seller—

13   here, the School Defendants (hereinafter the "Holder Clause").  The Required wording of the

14   Holder Clause is substantially as follows:

15         ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO
           ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT
16         AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED
           PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.  RECOVERY
17         HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID
           BY THE DEBTOR HEREUNDER.
18

19   Based on information and belief, all Notes executed during the relevant period contain the Holder

20   Clause.  If any Notes do not contain a Holder Clause, such a clause must be implied by operation

21   of law.

22         67.      On information and belief, the Lender Defendants are or were each legal or

23   beneficial holders of one or more of the Notes.  Pursuant to the Holder Clauses contained within

24   the Notes, explicitly or by operation of law, Plaintiffs may assert against the Lender Defendants all

25

26   [4] The FTC's own guidelines expressly apply the Holder Rule to vocational school
     student loans.  *Guidelines on Trade Regulation Rule Concerning Preservation of*
27   *Consumers' Claims and Defenses* 41 Fed. Reg. 20022, 20024 (May 14, 1976).

1   claims and all defenses to payment they have or would have against the School Defendants.[5]

2   Plaintiffs may recover all payments they made to the Lender Defendants under the Notes and are

3   entitled to cancellation of the Notes and all related obligations.

4       68.   On information and belief, each Note contains an attorney's fees provision or its

5   equivalent, such as a clause allowing the Holder to recover collection costs in the event of default.

6   Such clauses are reciprocal by operation of California Civil Code section 1717(a).  Accordingly,

7   Plaintiffs seek attorney's fees from the Lender Defendants for the cost of enforcing the Lender

8   Defendants' obligations under the Notes.

9       69.   Some or all of the Lender Defendants are themselves or utilize loan servicers to

10   collect interest, principal, and/or other charges arising under the Notes.  Plaintiffs are informed

11   and believe that these servicers possess funds that were obtained from Plaintiffs and that Plaintiffs

12   are entitled to recover under the Holder Clause.  Defendants that service or have serviced

13   Plaintiffs' loans include, but are not limited to: CSCA; CEC; Sallie Mae, Inc.; Nelnet, Inc.; Bank

14   of America, N.A.; Bank of America Co.; Wells Fargo Bank, N.A.; Wells Fargo & Company;

15   Wachovia Financial Services, Inc.; JPMorgan Chase & Co.; Citigroup, Inc.; Affiliated Computer

16   Services, Inc.;  Green Tree Servicing, LLC; and Edfinancial Services, LLC.  All Defendants that

17   service or have serviced Notes are hereinafter referred to as "Loan Servicer Defendants."

18                   **Tolling of The Statute of Limitations**

19       70.   The statute of limitations on Plaintiffs' claims has not run.

20       71.   On June 23, 2008 a putative class action lawsuit entitled *Vasquez, et al. v.*

21   *California School of Culinary Arts, Inc., et al.* ("*Vasquez*") was filed in the Los Angeles County

22   Superior Court.  Each plaintiff named herein is a member of that putative class.  That action

23   remains an ongoing putative class action, wherein a motion for class certification is scheduled to

24   be filed, and probably heard, in 2011.  The claims asserted in this action arise from the same facts

25   and injuries as the claims asserted in *Vasquez* and are asserted by members of the *Vasquez* putative

26

27   [5] These claims may be asserted directly against CEC and CSCA, which also hold
      Notes,

1    class. Accordingly, the running of the applicable statutes of limitation on Plaintiffs' claims has

2    been equitably tolled beginning June 23, 2008 by the pendency of *Vasquez* as a putative class

3    action and remains tolled as of the filing of this complaint.

4

5                          **First Cause of Action for Fraud**
                 **(Against the School Defendants and the Lender Defendants)**

6        72.    Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

7        73.    As part of the Fraud, the School Defendants knowingly and intentionally made

8    numerous false and/or misleading representations of material fact with the intent to deceive and/or

9    induce reliance by Plaintiffs. The School Defendants further failed to disclose and concealed facts

10   that they were required to disclose to prevent other statements that they had made from being false

11   and misleading. Plaintiffs actually and reasonably relied on these misrepresentations, omissions,

12   and concealments resulting in substantial damages to Plaintiffs in the form of tuition and expenses

13   paid, loan principal and interest obligations incurred, work time lost, life opportunities lost,

14   damage to credit, and emotional, psychological, and other injuries incurred.

15       74.    As a direct and proximate result, each Plaintiff has been damaged in a sum in

16   excess of the jurisdictional limits of this Court.

17       75.    Defendants' herein-alleged wrongful acts and omissions, and each of them, were

18   knowingly, willfully, intentionally, maliciously, oppressively, and fraudulently undertaken with

19   the express purpose and intention of defrauding Plaintiffs, and each of them, all to the substantial

20   financial benefit of Defendants, and each of them, entitling Plaintiffs to punitive damages.

21

22                          **Second Cause of Action for**
         **Violation of California Business and Professions Code § 17200, *et seq.***
                             **[The Unfair Competition Law]**
23               **(Against the School Defendants and the Lender Defendants)**

24       76.    Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

25       77.    California Business and Professions Code § 17200, *et seq.*, (the "Unfair

26   Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition,"

27   which includes any unlawful, unfair, or fraudulent business practice.

78.     The UCL imposes strict liability.  Plaintiffs need not prove defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

79.     The material misrepresentations, concealments, and non-disclosures by the School Defendants are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

80.     The School Defendants violated the UCL by engaging in the following *unlawful* business acts and practices, among others:

a.     Committing common law fraud;

b.     Violating the Consumer Legal Remedies Act, California Civil Code § 1770, *et seq.*, as alleged more fully below;

c.     Violating 20 U.S.C. § 1094(a)(8), by failing to provide information substantiating the truthfulness of published placement statistics at or before the time of the potential student's application;

d.     Violating 16 CFR 254.4(d), by misrepresenting graduates' career success and salaries;

e.     Violating 34 CFR 668.8, by including jobs in placement statistics that were not in the recognized occupation for which students were trained or in a related comparable recognized occupation;

f.     Violating 34 CFR 668.14(b)(10), by failing to provide information substantiating the truthfulness of published placement statistics at or before the time of the potential student's enrollment;

g.     Violating the Private Postsecondary Education Reform Act of 1989 ("Reform Act") in various ways including, without limitation, those identified in the Fourth Cause of Action below, which is incorporated in its entirety as though repeated here.  At all relevant times the Reform Act was either the law of the State of California or the School Defendants were obliged to follow it by

25
COMPLAINT

1            contracting with the State of California to do so, for the benefit of all CSCA

2            prospective students and students, including Plaintiffs and each of them.

3        81.     The School Defendants' above-alleged actions and each of them further constituted

4 *unfair* business acts and practices since the actions were deceptive, sharp, immoral, unethical,

5 oppressive, unscrupulous, substantially injurious, and operate to the competitive disadvantage of

6 other schools that do not engage in such practices. Moreover, the injury to Plaintiffs was

7 substantial and outweighs the utility of the School Defendants' practices.

8        82.     The School Defendants' above-alleged actions and each of them further constituted

9 *fraudulent* business acts and practices since the actions were likely to, and did, deceive the public

10 and likely will mislead the public in the future.

11        83.     At all relevant times, the School Defendants used the Le Cordon Bleu moniker and

12 marketed their Le Cordon Bleu affiliation, pursuant to a license agreement between CEC and Le

13 Cordon Bleu (the "LCB License Agreement"), as an inducement to potential students to enroll at

14 CSCA. At all relevant times, the School Defendants violated terms contained and existing in the

15 LCB License Agreement—including class-size limitations and promises to ensure students are

16 provided with all necessary support systems—which were specifically intended to benefit CSCA

17 students, including Plaintiffs. The LCB License Agreement was effective at all relevant times

18 and, pursuant to those limitations, the School Defendants had a legal duty to their licensor and

19 Plaintiffs to conform to its quality and instruction requirements, which the School Defendants

20 disregarded. The School Defendants' violations of the LCB License Agreement, combined with

21 the above-alleged actions and each of them, constituted unlawful, unfair, and fraudulent business

22 acts or practices.

23        84.     Regardless of whether Plaintiffs were intended beneficiaries of the LCB License

24 Agreement, CSCA's use of the Le Cordon Bleu moniker and its marketing of CSCA's Le Cordon

25 Bleu affiliation as an inducement to potential students to enroll at CSCA, all while failing to

26 comply with the quality standards enumerated in the LCB License Agreement—including class-

27

size limitations and promises to ensure students are provided with all necessary support systems—constituted unlawful, unfair, and fraudulent business acts or practices.

85. Pursuant to Cal. Bus. & Prof. Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." The School Defendants' wrongful misrepresentations and omissions have directly and seriously injured Plaintiffs by causing them to enroll and pay for a CSCA education that is of no value or far less value than represented by CSCA.

86. The unlawful, unfair, and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into attending CSCA.

87. Pursuant to the UCL, Plaintiffs are entitled to preliminary and permanent injunctive relief ordering the School Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiffs of all money collected and Notes made or held in connection with the School Defendants' unfair competition, or such portion of those revenues as the Court may find equitable.

**Third Cause of Action for**
**Violation of California Civil Code § 1770, *et seq*.**
**[The Consumer Legal Remedies Act]**
**(Against the School Defendants and the Lender Defendants)**

88. Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

89. The Consumers Legal Remedies Act (the "CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection. Cal. Civil Code §1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

90. The School Defendants have violated paragraphs 5, 7, 9, and 19 of Cal. Civ. Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. The

1  School Defendants' unfair and deceptive business practices in carrying out the Fraud were and are

2  undertaken in transactions with consumers that were and are intended to and did and do result in

3  the purchase of the School Defendants' services by consumers, including Plaintiffs, in violation of

4  the CLRA. Cal. Civil Code § 1770, *et seq.*

5       91.    As a result of the School Defendants' unfair and/or deceptive business practices,

6  Plaintiffs and all purchasers of the School Defendants' services have suffered damage and lost

7  money in that they paid for services that were not as represented, but were substantially inferior.

8  Plaintiffs seek and are entitled to an order enjoining the School Defendants from continuing to

9  engage in the unfair and deceptive business practices alleged herein.

**Fourth Cause of Action for**
**Violations of Former Education Code Section 94700, *et seq.***
**[Private Postsecondary and Vocational Education Reform Act of 1989]**
**(Against the School Defendants and the Lender Defendants)**

13       92.    Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

14       93.    At all relevant times up to and including June 30, 2007, the School Defendants

15  were obligated to comply with the provisions of the Private Postsecondary and Vocational

16  Education Reform Act of 1989, Educ. Code §§ 94700, *et seq.* (the "Reform Act"). Even after the

17  expiration of the Reform Act on June 30, 2007, however, the School Defendants were obligated to

18  comply with its provisions because they entered a voluntary agreement with the California

19  Department of Consumer Affairs to do so. This Agreement is attached hereto as Exhibit 21.

20       94.    The School Defendants committed the following violations of the Reform Act:

21       a.    The School Defendants violated Educ. Code § 94832(a) by making or

22  causing to be made numerous statements that were untrue or misleading, either

23  by actual statement, omission, or intimation. These acts and omissions have

24  been alleged extensively above but include, without limitation,

25  misrepresentations and omissions regarding: the positions and wages that

26  CSCA's Programs lead to and the assistance CSCA provides in obtaining them,

27  CSCA's selectivity, CSCA's graduates' financial prospects, the affordability of

1   CSCA's Programs, and CSCA's reputation in the job market for culinary

2   professionals.

3       b.    The School Defendants violated Educ. Code § 94832(b) by engaging in

4   numerous false, deceptive, misleading, or unfair acts in connection with

5   advertising and promotion, the recruitment of students for enrollment, the offer

6   or sale of a program of instruction, job placement, training and instruction, the

7   collection of payments, and/or the withholding of equipment, educational

8   materials, or loan or grant funds from students.  These acts and omissions have

9   been alleged extensively above but include, without limitation

10   misrepresentations, intimations, and omissions regarding: the positions and

11   wages that CSCA's Programs lead to and the assistance CSCA provides in

12   obtaining them, CSCA's selectivity, CSCA's graduates' financial prospects, the

13   affordability of CSCA's Programs, and CSCA's reputation in the job market for

14   culinary professionals.

15       c.    The School Defendants violated Educ. Code § 94832(l) by directing their

16   representatives to perform unlawful acts.

17       d.    The School Defendants and their representatives violated Educ. Code §

18   94830(h) by presenting false or misleading information to prospective students

19   relating to CSCA and employment opportunities.

20       e.    The School Defendants and their representatives violated Educ. Code §

21   94859 (a) & (b) in that, before executing enrollment agreements with Plaintiffs,

22   the School Defendants and their representatives failed to provide the students

23   with required disclosures and the disclosures that they provided were inaccurate

24   and misleading.  As an example, and without limitation, in violation of Educ.

25   Code § 94859(a)(2)(B) the School Defendants provided misleading placement

26   rates not calculated in compliance with Educ. Code § 94854 in that these

27   statistics included employment in occupations or job titles other than those to

1  which the courses of instruction were represented to lead.  Additionally, the

2  School Defendants and their representatives violated Educ. Code § 94859(b) by

3  failing to document all the facts required to substantiate the information

4  required by Educ. Code § 94859(a)(2).

5  f.      The School Defendants and their representatives violated Educ. Code §

6  94859(a)(4) in that, before executing enrollment agreements with Plaintiffs, the

7  School Defendants and their representatives failed to provide students with a

8  current catalog or brochure containing information describing all of the

9  occupations or job titles to which the programs of instruction were represented

10  to lead and all other material facts concerning the institution and the programs

11  of instruction that might reasonably affect the students' decisions to enroll.

12  g.      The School Defendants and their representatives violated Educ. Code §

13  94859(a)(2)(D) by making express or implied claims about the salary that may

14  be earned after completing CSCA's Culinary Program and by failing to

15  disclose: (i) the percentage of students who were originally scheduled, at the

16  time of enrollment, to complete the program of instruction in the most recent

17  calendar year that ended not less than six months prior to the date of disclosure

18  who earn salaries at or above the claimed level; and (ii) the ranges of monthly

19  salaries earned by these students in two hundred dollar ($200) increments and

20  the number of these students in each salary range.

21  h.      The School Defendants and their representatives violated Educ. Code §

22  94859(f) by obtaining signed enrollment agreements from Plaintiffs without

23  providing students with a reasonable opportunity to review the claims and

24  disclosures referenced above.

25  i.      The School Defendants and their representatives violated Educ. Code §

26  94872 by failing to administer valid standardized tests to Plaintiffs prior to

27  entering into enrollment agreements with them, that were designed to measure,

30

COMPLAINT

1   and that reliably and validly measured, a student's ability to be successfully

2   trained to perform the tasks associated with the occupations or job titles to

3   which the programs of instruction were represented to lead.

4   95.   The School Defendants and their representatives willfully committed the above

5   violations, and the School Defendants and their representatives are therefore subject to the civil

6   penalty provisions provided by Educ. Code § 94877(c), entitling Plaintiffs to recover a civil

7   penalty of up to double damages.

8   96.   Pursuant to the Reform Act, Plaintiffs seek restitution, damages, and a civil penalty

9   of double damages.

10                    **Fifth Cause of Action for Breach of Contract**
11           **(Against the School Defendants and the Lender Defendants)**

12   97.   Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

13   98.   As set forth above, effective July 1, 2007, the School Defendants entered an

14   agreement with the California Department of Consumer Affairs to comply with all state statutes,

15   rules, and regulations pertaining to private postsecondary institutions as they existed on June 30,

16   2007 (the "Compliance Agreement").  Pursuant to the Compliance Agreement, the School

17   Defendants were obligated to comply with the Reform Act for the duration of the relevant period.

18   *See* Exhibit 21.

19   99.   As the Compliance Agreement states, its purpose was "ensuring continued student

20   protection after [the Reform Act] became inoperative." *Id.*  Thus the Compliance Agreement was

21   made expressly for the benefit of California students, including Plaintiffs.  Accordingly, Plaintiffs

22   are entitled to enforce this contract as third party beneficiaries.

23   100.   As set forth above, the School Defendants violated the Reform Act.  Each such

24   violation constitutes a breach of the Compliance Agreement.

25   101.   Plaintiffs have been damaged by the School Defendants' breaches of the

26   Compliance Agreement.

27

31
COMPLAINT

**Sixth Cause of Action for**
**Declaratory Relief**
**(Against the Lender Defendants)**

102.   Plaintiffs incorporate each of the foregoing paragraphs as though repeated here. As set forth in detail above, there is an actual controversy between Plaintiffs and the holders of all Notes regarding the validity and enforceability of the Notes.  Note holders maintain that the notes are valid and enforceable whereas Plaintiffs dispute this and contend that they are unenforceable in their entirety (and further that all those who at any time held any Note must return all payments collected thereon).  Pursuant to Code of Civil Procedure § 1060, Plaintiffs are entitled to and hereby seek a declaration that all the Notes are void, voidable, and/or unenforceable in their entirety, or in such part as the Court may determine.

**Seventh Cause of Action for Money Had and Received**
**(Against the Loan Servicer Defendants Only)**

103.   Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

104.   Each of the Loan Servicer Defendants has collected loan payments and related charges and/or penalties paid by Plaintiffs on one or more Notes and retained some or all of these funds.

105.   The Loan Servicer Defendants gained control of these amounts as a result of the above alleged fraudulent and misleading actions of the School Defendants.

106.   Plaintiffs are entitled to recover these funds pursuant to the Holder Clause as set forth above.

107.   Plaintiff seeks an order requiring the Loan Servicer Defendants to (1) pay damages according to proof; (2) immediately cease collection of any amounts due under the Notes; (3); make full restitution of all funds wrongfully obtained; and (4) disgorge all revenues and/or profits stemming from the Notes.

**Eighth Cause of Action for Unjust Enrichment**
**(Against the Loan Servicer Defendants Only)**

108.   Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

COMPLAINT

109.    The Loan Servicer Defendants have collected loan payments and related charges and/or penalties from Plaintiffs and retained some or all of these funds.

110.    The Loan Servicer Defendants gained control of these amounts as a result of the above alleged fraudulent and misleading actions of the School Defendants.

111.    Retention of these funds at the expense of Plaintiffs is unjust because Plaintiffs are entitled to recover these funds pursuant to the Holder Clause as set forth above.

### Ninth Cause of Action for Constructive Trust
### (Against the Loan Servicer Defendants Only)

112.    Plaintiffs incorporate each of the foregoing paragraphs as though repeated here.

113.    The Loan Servicer Defendants have collected loan payments and related charges and/or penalties from Plaintiffs and retained some or all of these funds.

114.    The Loan Servicer Defendants gained control of these amounts as a result of the above alleged fraudulent and misleading actions of the School Defendants.

115.    As set forth above, Plaintiffs are entitled to recover these funds pursuant to the Holder Clause.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief and judgment as follows—*except that Plaintiffs do not seek monetary remedies under the CLRA at this time*:

1.    For preliminary and permanent injunctive relief enjoining Defendants CEC and CSCA, their agents, servants and employees and all persons acting in concert with them from implementing their Fraud and from continuing to engage in the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.    For restitution and disgorgement of all money or property wrongfully obtained by Defendants, including without limitation all Notes and all proceeds of Notes;

3.    For damages;

4.    For punitive damages against Defendants in an amount sufficient to punish and set an example;

5. For a civil penalty of up to double damages caused by the School Defendants' violations of the Reform Act and derivatively against the Lender Defendants pursuant to the Holder Clause;

6. For an accounting by each and all Defendants for any and all profits derived by them from the herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

7. For an injunction precluding the enforcement of each, every, and all Notes made by Plaintiffs, or any of them, by any of the Defendants, their successors, and their successors and assigns;

8. For a declaration that Plaintiffs' Notes are void, voidable, and/or otherwise unenforceable;

9. For imposition of a constructive trust against the Loan Servicer Defendants on all Notes made by and all monies paid by Plaintiffs under the terms of the Notes;

10. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, contract, Civil Code section 1717, Code of Civil Procedure §1021.5, former Reform Act § 94877(b); and the common law private attorney general doctrine;

11. For costs of suit;

12. For such other and further relief as the Court deems just and proper.

1    Date: April 18, 2011

2

3                                          RESPECTFULLY SUBMITTED,

4                                          **KIRTLAND & PACKARD LLP**
                                           Michael Louis Kelly
5                                          Behram V. Parekh
                                           Joshua A. Fields
6
                                    By:  _____
7                                          Michael Louis Kelly
                                           2361 Rosecrans Avenue, Fourth Floor
8                                          El Segundo, California 90245
                                           Phone: 310.536.1000
9                                          Facsimile: 310.536.1001

10                                         **GALLO & ASSOCIATES**
                                           Ray E. Gallo
11                                         1101 Fifth Avenue, Suite 205
                                           San Rafael, CA 94901
12                                         Phone: 310.338.1114
                                           Facsimile: 310.338.1199
13
                                           *Counsel for Plaintiffs and all others similarly*
14                                         *situated*

15

16

17

18

19

20

21

22

23

24

25

26

27

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action so triable.

Date: April 18, 2011

RESPECTFULLY SUBMITTED,

KIRTLAND & PACKARD LLP
GALLO & ASSOCIATES

By: _____
Michael Louis Kelly
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California 90245
Phone: 310.536.1000
Facsimile: 310.536.1001

Ray E. Gallo
1101 Fifth Avenue, Suite 205
San Rafael, CA 94901
Phone: 310.338.1114
Facsimile: 310.338.1199

*Counsel for Plaintiffs and all others similarly situated*

36

COMPLAINT

**EXHIBIT 1**





CSCAP00002097

Exhibit 1

**EXHIBIT 2**



Exhibit 2

CSCAP00005884

**EXHIBIT 3**



# Careers

- Sommelier
- Buyer/Purchasing
- Chocolatier
- Executive Chef
- Sous Chef
- Personal Chef
- Pastry Chef
- Saucier

- Restaurant Manager
- Restaurant Owner
- Hotel Manager
- Banquet Manager
- Caterer
- Food Critic or Writer
- Consultant
- Food Stylist

www.go-csca.com

CONFIDENTIAL

CSCAP00005941

Exhibit 3

**EXHIBIT 4**



California School of Culinary Arts
Le Cordon Bleu Programs

521 E. Green Street
Pasadena, CA 91101

1-888-900-2433
www.calchef.com

# Careers in the Culinary Arts

- Banquet Chef
- Food & Beverage Manager
- Corporate Executive Chef
- Food Writer
- Food Stylist
- Recipe/Cookbook Editor
- Culinary Author
- Restaurant Consultant
- Television Chef
- Radio Talk Show Host
- Television Culinary Producer
- Country Club Manager
- Dietary Chef Supervisor
- Resort/Cruise Chef
- Event Planner/Manager
- Chef/Owner
- Personal Chef
- Garde Manger Chef
- Pastry Chef
- Restaurant Manager
- Executive Chef
- Catering Manager
- Caterer
- Chocolatier



Exhibit 4

CSCAP00002163

EXHIBIT 5

# The Culinary & Hospitality Industry means opportunity!



**The second largest employer in the U.S.**

- American restaurants and eating establishments employ 12.5 million people — the second largest employer in the U.S.

- In 2006, the industry's 925,000 locations will serve 70 billion meals and snacks

- Close to 50¢ of every food dollar will be spent in restaurants

**The Hospitality Industry takes care of hundreds of thousands of business men and women and families!**

- The Hospitality Industry employs more than 1.8 million people

- Over 60,000 establishments are in the industry

- Hospitality professionals work in restaurants, spas, hotels & cruise lines

Sources: www.careervoyages.gov/hospitality-main.cfm

- Chef
- Caterer
- Catering Manager
- Personal Chef
- Garde Manger Chef
- Pastry Chef
- Pastry Manager
- Banquet Chef
- Corporate Chef
- Restaurant Manager
- Hotel Manager

Exhibit 5

CSCAP00000045

**EXHIBIT 6**







# Careers
## In the
# CulinaryArts

California School
of Culinary Arts
Le Cordon Bleu Programs

Banquet Chef
Food & Beverage Manager
Corporate Executive Chef
Food Writer
Food Stylist
Recipe/Cookbook Editor
Culinary Author
Restaurant Consultant
Internet Chef
Television Chef
Radio Talk Show Host
Television Culinary Producer
Country Club Manager
Dietary Chef Supervisor
Resort/Cruise Chef
Event Planner/Manager
Chef/Owner
Personal Chef
Garde Manger Chef
Pastry Chef
Restaurant Manager
Executive Chef
Caterer
Catering Manager
Chocolatier

California School of Culinary Arts – Le Cordon Bleu Programs
521 E. Green St.  Pasadena, CA  91101
🖳 www.go-csca.com    ☎1-888-900-2433



Exhibit 6

CSCAP00002087

**EXHIBIT 7**



# Career Choices

## The Bleu Sky is the Limit



- Caterer
- Catering Manager
- Chef / Owner
- Personal Chef
- Garde Manger Chef
- Pastry Chef
- Banquet Chef
- Butcher
- Corporate Chef

- Culinary Trainer
- Restaurant Consultant
- Chocolatier
- Restaurant Manager
- Country Club Manager
- Dietary Chef Supervisor
- Resort/Cruise Chef
- Event Planner / Manager
- Sommelier
- And much more....

CSCAP00005604

CONFIDENTIAL

Exhibit 7

**EXHIBIT 8**



California School
of Culinary Arts
Le Cordon Bleu Programs



# Top Ten Reasons to Attend
# California School of Culinary Arts



**1.   Le Cordon Bleu**
Since it's founding in Paris in 1895, Le Cordon Bleu has produced some of the world's finest chefs, and continues to be dedicated to promoting the advancement of education, training and the appreciation of cuisine and hospitality management worldwide.

**2.   Reputation**
Through its strong affiliation with the American Culinary Federation and its partnership with Le Cordon Bleu International, California School of Culinary Arts has a deserved reputation for educational excellence.

**3.   Outstanding Faculty**
As the largest provider of quality culinary education in the world, our faculty boasts a fraternity that spans five continents. Our consistent co-teaching approach, which emphasizes cross-training and regular guest faculty from Le Cordon Bleu International, ensures our students a global perspective.

**4.   Programs**
Comprehensive, well-rounded training in multiple areas of the culinary and hospitality industries: Le Cordon Bleu Culinary Arts Associates of Occupational Studies Degree, Le Cordon Bleu Patisserie & Baking Diploma, Le Cordon Bleu Hospitality & Restaurant Management Diploma. These programs allow students to plan on a consistent schedule throughout the year. Culinary and Patisserie & Baking students have the flexibility to attend morning, mid-day or evening programs.

**5.   Competency-Based**
Students in the culinary program receive training in over 450 competency-based culinary proficiencies. All programs finish with a practical, structured externship in a property related to their career. Our externship coordinators work with properties throughout the nation and foreign countries to set up externships, many of which lead to full-time employment upon graduation.

**6.   Career Services**
Since 1994, our Career Services department has been developing a national and international network of positive industry contacts for current students and graduates and boasts an impressive list of current and past placements at some of the finest establishments in the world. Click here to view a list of some of our recent placements.

**7.   Campus Location**
CSCA's centralized location within Pasadena allows students easy access to the booming Southern California wine industry and organic movement:  the wine-growing regions of both Temecula and the Santa Inez Valley are within easy driving distance of the school; outdoor farmers markets abound; access to local growers to provide the freshest and highest quality foods to work with.

**8.   Pasadena**
A case-study example of vibrant city life. Pasadena is a fashionable, artistic community that values education and new ideas. Along with CSCA, world-renowned colleges and universities such as the Art Center College of Design, Cal Tech, and Fuller Theological Seminary provide a stimulating environment for all those who call Pasadena home. The city offers a comfortable, blend of friendly, tree-lined neighborhoods, parks, shopping, restaurants, and nightlife, and is easily accessible by freeway and light rail. A wide range of housing opportunities are available here and in neighboring communities.

**9.   Los Angeles, CA**
A cultural and culinary melting pot. Los Angeles' vast geography boasts whole communities that provide authentic cuisine from every corner of the world. Home to celebrity chefs  Wolfgang Puck, Susan Feniger, Mary Sue Milliken, Nancy Silverton, Nobu Matsuhisa, David Myers, Benjamin Ford, Suzanne Goin, Josiah Citrin (just to name a few), the City of Angels offers endless opportunities for the ambitious graduate.

**10.   Southern California**
Southern California has literally defined the recreation and resort lifestyle for the past century.  The varied industries that seek our graduates converge in this one area: four-star hotels & resorts, thousands of new restaurants, the cruise ship industry with the worldwide hub of Long Beach, the entertainment industry, the sports industry....the career options are endless. Additionally, the Southern California lifestyle is unbeatable: over 300 days of sunshine a year, miles of white sand beaches, and multiple mountain ranges all within Los Angeles city limits.

Exhibit 8

CSCAP00001794

**EXHIBIT 9**



## Become a successful artist
## in just over a year.

California School of Culinary Arts – 15-month Culinary Arts AOS Degree.

You'll gain more expertise in 15 months than in years of working your way up the culinary ladder. You can graduate a Le Cordon Bleu level culinary chef and enter a world where your skills are both respected and sought after. Indulge your creativity. And begin a successful career that challenges and rewards you every day.



**Le Cordon Bleu Diploma**
Programs offered:

15-month Culinary Arts AOS Degree
30-month Patisserie & Baking
12-month Hospitality &
Restaurant Management

Financial Aid available for those who qualify
Accredited member, ACCS, Veterans approved

**California School
of Culinary Arts**
Le Cordon Bleu Programs

521 East Green Street
Pasadena, CA 91101

**Call Today 866.670-3663**
www.csca.edu

**EXHIBIT 10**

 

Some of the great chefs of the past
100 years received Le Cordon Bleu
culinary training. You can, too.

**Go to CalChef.com/survey and
take a quick interest survey.**

**Find out if a rewarding career
as a highly-trained culinary magician
could be right for you.**

California School of Culinary Arts
521 E. Green Street
Pasadena, CA 91101
www.CalChef.com/survey
866-293-4484



May B Doe
123 Anystreet, 3-E
Yorton, SM 12345-6789

SM#XX

CONFIDENTIAL

CSCAP00005872

Exhibit 10

**EXHIBIT 11**



# How you dress on the weekend could change your life.



Introducing the Weekend Patisserie & Baking Program at the California School of Culinary Arts.
Work a fantastic new career into your busy schedule in only 90 days, through our accelerated weekend
program. You'll graduate a Le Cordon Bleu level pastry chef, in an artistic field where your skills are in
demand and the sky's the limit. That's a career to be proud of. Call today to guarantee enrollment.
And dress for success on the weekends.

## Call Today 888.900.2433
Visit CalChef.com



Le Cordon Bleu Diploma Programs offered:
15-month Culinary Arts AOS Degree
30-week Patisserie & Baking
12-month Hospitality & Restaurant Mgmt.

Financial Aid available for those who qualify.
Accredited member ACIS and veteran approval.



California
School of
Culinary Arts
PASADENA

512 East Green Street, Pasadena, CA 91101

CSCAP00002096

Exhibit 11

**EXHIBIT 12**

## Turn the heat up on your career.
### Le Cordon Bleu Pâtisserie & Baking

Create your own path to success through your passion for baking. Become a Le Cordon Bleu level pastry chef in an artistic field where your skills are in demand and the sky's the limit.

### Give rise to your success.

Whether you've ever dreamed of owning your own bakery, cafe or special-occasion catering company, or become an executive level pastry chef for a five-star restaurant, the Le Cordon Bleu Pâtisserie & Baking Program at CSCA is perfect for you.

Our program encompasses a wide range of baking and pastry techniques, from old-world traditions to modern innovations. And by offering our comprehensive, accelerated program with flexible scheduling, you can be well on your way to your dream career in as little as one year.











Your Future Looks Sweet.

BUSINESS REPLY MAIL

CALIFORNIA SCHOOL OF CULINARY ARTS
Le Cordon Bleu Pâtisserie & Baking Program
Admissions Office
521 E. Green Street
Pasadena, CA 91101

CSCAP00002071

Exhibit 12

**EXHIBIT 13**



# CALIFORNIA SCHOOL OF CULINARY ARTS

521 E. Green Street • Pasadena, CA 91101
Toll-free 1-866-293-4484 • www.calchef.com/dmi



Dear «First»,

Senior year is about to begin—what better time to start exploring your career options. Like considering your interest in the culinary arts. It's true, a gourmet lifestyle can be yours after high school...if you know where to start.

*If you're the kind of person who has always dreamed of becoming a professional chef, we can help turn your dream into a reality...at the California School of Culinary Arts.*

Located just 20 minutes from downtown LA at the base of the San Gabriel mountains in beautiful Pasadena, the California School of Culinary Arts is one of the most well-known and respected schools to learn the classic and contemporary techniques of Le Cordon Bleu Culinary Arts. At CSCA, you'll enjoy an ideal environment to develop your own signature style and gain the valuable experience you need for an exciting career in the culinary arts.

CSCA is committed to your success on many levels, including:
- **Dedicated career placement assistance for all graduates.**
- **Top-notch instruction from skilled chefs, helping you develop your own style.**
- **Flexible class schedules offered days, afternoons and evenings.**
- **Financial aid for those who qualify, and tuition planning assistance is available to all students.**

**«First», in less time than you think, you could turn your interest in the culinary arts into a rewarding career after high school. Call California School of Culinary Arts, toll-free at 1-866-293-4484. Or better yet, fill out and return the attached reply slip in the enclosed, postage-paid envelope.**

Sincerely,

*Tony Bondi*

Tony Bondi, President

P.S. «First», you can even develop your front-of-the-house skills with our Le Cordon Bleu Hospitality and Restaurant Management program—someday you may run the finest destination spot in the country. Call today, toll-free at 1-866-293-4484, to find out more.



Please complete this reply slip and detach here.

▶

California School of Culinary Arts
521 E. Green Street • Pasadena, CA 91101
toll-free 1-866-293-4484
www.calchef.com/dmi

I'm interested in the following Le Cordon Bleu programs:

☐ Le Cordon Bleu Culinary Arts AOS Degree
☐ Le Cordon Bleu Hospitality & Restaurant Management Diploma
☐ Le Cordon Bleu Pâtisserie and Baking Diploma

«First» «Last»
488 E. Winchester St., Ste. 100
Salt Lake City, UT 84107-7523

Enter the code, from the list above, of the programs that interest you.

084140      ▲      CS      DM      5022SADC

Exhibit 13

CSCAP00002069

**EXHIBIT 14**

CSCAP00005208





# Masters and mentors

## Where we separate the chefs from the cooks.

Our Pasadena campus, located in the historic Playhouse District, is only 20 minutes from Downtown LA and features our Culinary Arts AOS, Pâtisserie & Baking, and Hospitality & Restaurant Management programs.

Exhibit 14

**EXHIBIT  15**

CSCAP0000005209





"CSCA is a great place to explore all aspects of the restaurant industry. Whether you want to be a restaurant chef, a hotel stylist, a personal chef, a caterer, a pastry chef, or baker, it's all available here. It would take you forever in the real world to get that kind of exposure."

# Featured Artists.

Our student and graduate population represent a wide spectrum of faces and ages. From graduates fresh from high school and junior colleges, to those embarking on second (and sometimes third) careers. From home-grown talent to students who've crossed state and international borders.

It starts with a passion. Our students are imaginative and motivated. And they mix career fulfillment and success.

CSCA students are "here-to-be's". Not "wanna-be's".

**Holly Michener**
Chef/Owner of Love That European Bakery in Arcadia, CA
Provenance: Walnut, CA
Degree CSCA Culinary Arts, AOS 2003

*What made you decide to become a chef?*
I had two degrees in music—born Fullerton College and from Berklee. I always wondered what else I could do. I love music. I studied for my roommates. Made pies in the dorm. Then a friend suggested I go to cooking school and visit. Poof, everything just clicked.

*How did you open Love That European Bakery?*
Chef George helped me get an externship at the long-established, successful Concannon winery in Livermore. One day, the owner decided to retire and asked if I'd like to buy the business. I jumped at the opportunity and even before I got the financing going, I opened Love That European Bakery in April of 2003, before graduating from CSCA - here's proof!

*What kind of success do you dream of?*
I have more success than I ever imagined.

**Jason Ringer**
CSCA Student/Culinary AOS
Provenance: Logan, Utah

*What made you decide to become a Chef?*
I was always interested in cooking. Ever since I was a kid, I would rush out of Sunday mornings and watch cooking shows instead of cartoons.

*Who's your favorite CSCA instructor?*
I haven't had an instructor I haven't liked. I really like Chef Brad Orsini. We're about the same age. Some of the processes kind of go in, he has a way provisions and we've fired off each other.

*What's your specialty?*
I love to cook Italian food. Rolling out the pasta dough is very relaxing. It's all about comfort food. I love to work with Glade De Laurentiis from the Food Network. She loves doing what she does, never lost a bit of welcome with her recipes.

*What's your advice for new students?*
There's a world of difference between enjoying cooking and enrolling to be a chef.

*Make sure you have a serious passion for what you do.*

**Rebecca Asare-Bediako**
CSCA Student/Patisserie & Baking
Provenance: Ghana, West Africa

*What do you love most about desserts?*
I love the artistry of creating specialty cakes and custom pastries. For me, it's a wonderful way to express joy and artistry, except the day clay and paint are delicious. I love to see the happy faces come to life.

*Who were your favorites?*
Chef Olin is baking. We like prepared paste for what's baked and makes you feel at home.

*Job's amazing.*
Our instructor is fantastic. She opens the door for you the skills and you can talk to her about anything.

*What would you like to do after graduation?*
I would like to work for a reputable bakery. It's been a long-time bakery dream that would be to work for Payardes. My long-term goal is to create a bakery that specializes in artistic design and teach children to learn art through speaking.

How would you like a cooking magazine to describe you?
She spreads joy through her patience.

Exhibit 15

**EXHIBIT 16**

CSCAP00005204

# Everything goes with a white jacket. Especially success.

With a career in the culinary arts, baking and pâtisserie, or hospitality management, the opportunities are endless.





Exhibit 16

**EXHIBIT 17**



CSCAP00005598

# ROAD TO
# YOUR CAREER

## JOB OR CAREER... THERE IS A BIG DIFFERENCE

### JOB

- Little or No Security
- Low Pay
- Small Raises
- Long Hours
- Few Opportunities

Exhibit 17

CONFIDENTIAL

CSCAP00005699

CONFIDENTIAL



# ROAD TO
# YOUR CAREER

## CAREER

- Personal Professional Growth
- Competitive Pay
- Advancement Opportunities
- Challenging Work
- Employee Benefits

Exhibit 17

**EXHIBIT 18**



## The future is in your hands.

Craft the perfect career out of your passion. Take hold of your future. And create as much success with a career in culinary arts as you can imagine. It's all possible at the California School of Culinary Arts.

**Financing Options are Available.**
CSCA offers both federal and state financial aid to those who qualify. Students also have access to various cash payment plans and alternative loan programs for financial assistance.

## The sky's the limit.

Imagine how you could be fully prepared to take part in the culinary and hospitality industries.

CSCAP00005211

Exhibit 18

EXHIBIT 19

## It's Your Choice

| | Traditional / Four-Year College | Junior / Community College | Military |
|---|---|---|---|
| **5 Years** | $ | $$ | $$$ |
| **4 Years** | 0 | $ | $$ |
| **3 Years** | 0 | 0 | $ |
| **2 Years** | 0 | 0 | 0 |
| **1 Year** | 0 | 0 | 0 |

Exhibit 19

CSCAP00005602

CONFIDENTIAL

**EXHIBIT 20**



CSCAP00001848

Exhibit 20



CSCAP00001849

Exhibit 20

**EXHIBIT 21**

 

STATE AND CONSUMER SERVICES AGENCY  •  ARNOLD SCHWARZENEGGER, GOVERNOR
EXECUTIVE OFFICE
1625 North Market Boulevard, Suite S-308, Sacramento, CA 95834
P 916.574.8200  F 916.574.8613  |  www.dca.ca.gov

### Voluntary Agreement for an Educational Institution

Under the authority vested in the Director of the Department of Consumer Affairs ("Director") by Chapter 67 of the Statutes of 2007, the Director hereby enters into an agreement with the below-named educational institution. The below-named private postsecondary educational institution hereby agrees to comply with all of the following: state statutes, rules, and regulations pertaining to a private postsecondary institution or pertaining to a non-WASC regionally accredited institution as defined in Section 94740.5 of the Education Code, as it existed on June 30, 2007, in effect as of the close of business on June 30, 2007, that had a valid approval to operate or authorization pursuant to Section 94905 of the Education Code, as it existed on June 30, 2007, for the purpose of ensuring continued student protection after Chapter 7 (commencing with Section 94700) of Part 59 of Division 10 of Title 3 of the Education Code became inoperative. If executed timely, this agreement shall be effective retroactive to July 1, 2007.

**For Institution:**

Sign: _____   Date: 7/27/07

Name and Title: Anthony Bordi, President

(Please Print)

Name of Institution: Southern California School of Culinary Arts...

Physical Address of Institution: DBA: California School of Culinary Arts

521 E. Green St.

Pasadena Ca 91101

BPPVE School Code: 1940391

**For Director:**

Sign: _____   Date: _____

Name and Title: _____

(Please Print)

Exhibit 21



Office of the President

California Department of Consumer Affairs
**VOLUNTARY AGREEMENT FOR AN EDUCATIONAL INSTITUTION**

**ADDENDUM**

This document updates the Voluntary Agreement for an Educational Institution signed by Kitchen Academy, 6370 West Sunset Boulevard, Hollywood, California 90028 (BPPVE Code 57064382) on July 30, 2007.

On April 21, 2008, the Department of Consumer Affairs was notified that Kitchen Academy has changed its name to California School of Culinary Arts. This Voluntary Agreement should be updated to reflect this new name. All other terms and conditions as outlined by the DCA remain unchanged.

Submitted on behalf of the institution:

_____     4/a/08
Anthony Bondi, President, California School of Culinary Arts                    Date



.... ... ... .....
... ... ... ... ...
Le Cordon Bleu Program

521 E. Green Street
Pasadena, CA 91101
direct: 626.229.1302
fax: 626.585.0186
www.calchef.com

Exhibit 21

**APPENDIX**

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 1 | Tiffany Banks | 8/28/2006 | Baking & Pastry | | |
| 2 | Haley Berger | 8/26/2007 | Baking & Pastry | Sallie Mae[1] | Sallie Mae |
| 3 | Anna Berkowitz | 7/7/2008 | Baking & Pastry | Bank of America[2] | Bank of America |
| 4 | Rocco Camarillo | 10/15/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 5 | Jennifer Centeno | 3/1/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 6 | Cecilia Charky | 10/22/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 7 | Johanna Charlton | 4/28/2008 | Baking & Pastry | Sallie Mae, Wells Fargo[3] | Sallie Mae |
| 8 | Katrina Coffman | 1/4/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 9 | Osiris Cordova | 9/1/2005 | Baking & Pastry | | |
| 10 | Andrew Cottle | 9/3/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 11 | Korina Del Real | 10/1/2007 | Baking & Pastry | Chase | Chase |
| 12 | Jose Detres | 11/13/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 13 | Rodrigo Dorantes | 7/5/2005 | Baking & Pastry | Sallie Mae | Sallie Mae |

[1] As used herein, "Sallie Mae" includes Sallie Mae, Inc.; Sallie Mae Bank of Utah; Sallie Mae Education Trust; SLM Education Credit Finance Corp.; Cavalier Funding 1 LLC; and SLM Education Credit Management Corp.
[2] As used herein, "Bank of America" includes Bank of America, N.A. and Bank of America Corporation.
[3] As used herein, "Wells Fargo" includes Wells Fargo Bank, N.A.; Wells Fargo & Company; and Wachovia Financial Services, Inc.

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 14 | Adriana Edwards | 6/20/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 1S | Araceli Escoto | 9/22/200S | Baking & Pastry | Sallie Mae | Sallie Mae |
| 16 | Ashley Galindo | 1/9/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 17 | Melissa Gibson | 8/1/2004 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 18 | Cecilia Gomez | S/6/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 19 | Laurel Gressett | 6/1/2006 | Baking & Pastry | Bank of America | Bank of America |
| 20 | Elizabeth Gutierrez | 9/7/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 21 | Julianna Hernandez | 9/S/200S | Baking & Pastry | Sallie Mae | Sallie Mae |
| 22 | Tresa Hollis-Perkins | 8/7/200S | Baking & Pastry | | |
| 23 | Natalie Horvath | 8/28/2007 | Baking & Pastry | | |
| 24 | Ashley Hudson | 8/24/200S | Baking & Pastry | Sallie Mae | Sallie Mae |
| 2S | Mckim Jacobson | 10/1/2007 | Baking & Pastry | Sallie Mae, Wells Fargo | Sallie Mae, Wells Fargo |
| 26 | Lauren Jette | 10/2/2006 | Baking & Pastry | Sallie Mae, Chase | Sallie Mae, Chase |
| 27 | Ortal Kavon | 2/1/200S | Baking & Pastry | Sallie Mae | Sallie Mae |
| 28 | Allysun Knapp | 6/1/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 29 | Elam Lopez | 8/20/2008 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 30 | Tierra Macon | 10/8/2007 | Baking & Pastry | Sallie Mae, Citibank | Sallie Mae, Citibank |
| 31 | Stephanie Magana | 6/4/2008 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 32 | Stephanie Martin | 7/5/2005 | Baking & Pastry | Sallie Mae, Nelnet, Inc. | Sallie Mae, Nelnet, Inc. |
| 33 | Angelica Martinez | 5/25/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 34 | Stephanie Martinez | 2/2/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 35 | Corinna Massiet | 3/1/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 36 | Vickie Mcdougal | 2/1/2005 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 37 | Natalie Mcfee | 5/17/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 38 | Lizette Melgoza | 5/14/2007 | Baking & Pastry | Sallie Mae, Bank of America | Sallie Mae, Bank of America |
| 39 | Linda Mepokee | 7/1/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 40 | Diego Montano | 10/1/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 41 | Natashia Montenegro | 7/9/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 42 | Stephanie Rose Norcio | 1/20/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 43 | Donna Osborn | 1/9/2008 | Baking & Pastry | Wells Fargo, Wachovia | Wells Fargo |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 44 | Lili Ostrow | 2/1/2008 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 45 | Luis Padilla | 2/15/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 46 | Jennifer Pendergraft | 8/4/2005 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 47 | Mary Perdomo | 1/2/2008 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 48 | Jessica Pina | 2/1/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 49 | Karina  Porcayo | 7/10/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 50 | April Regino | 10/1/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 51 | Denyse Rodriguez | 4/10/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 52 | Angela Rollon | 6/7/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 53 | Christina Romero | 4/1/2008 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 54 | Valerie  Sanchez | 8/1/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 55 | Michelle Sanchez (Sandoval) | 5/24/2005 | Baking & Pastry | Sallie Mae, CSCA | Sallie Mae, CSCA |
| 56 | Bianca  Sapozhnikov | 1/1/2007 | Baking & Pastry | | |
| 57 | Theresa Stevens | 10/15/2006 | Baking & Pastry | Sallie Mae; Dollar Bank, Federal Savings Bank | Sallie Mae |

4

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|------------|---------|----------------|-------------|
| 58 | Veronica Tamura | 4/1/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 59 | Heather Trotter | 9/12/2004 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 60 | Rocio Valdez | 6/10/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 61 | Marie  Valdez | 2/12/2005 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 62 | David Valencia | 11/13/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 63 | Erwin Valencia | 8/10/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 64 | Jacqueline Wells | 1/9/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 65 | Stephanie Ximenez-Calderon | 3/15/2006 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 66 | Christine Yaacoubian | 11/12/2007 | Baking & Pastry | Sallie Mae | Sallie Mae |
| 67 | Michele Zurcher | 2/28/2006 | Baking & Pastry | | |
| 68 | Sufyan Abdelshife | 10/3/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 69 | Charles  Abrenica | 4/19/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 70 | Eric Adabkhah | 10/1/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 71 | Pryscilla  Adame | 5/7/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 72 | Cyed Adraincem | 2/15/2007 | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 73 | April  Aguilar | 1/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 74 | Candida Aguilar | 7/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 75 | Aldrich Alcantara | 6/15/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 76 | Scott Anderson | 9/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 77 | Maricar Angeles | 6/22/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 78 | Geoffrey Armstrong | 8/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 79 | Michael Artus-Cooper | 8/13/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 80 | Kyle  Au | 7/5/2004 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co.[4] | Sallie Mae |
| 81 | Stacey Ausby | 5/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 82 | Diane Aveytia | 10/1/2007 | Culinary Arts | Sallie Mae, CSCA | Sallie Mae, CSCA |
| 83 | Dora Avila | 8/16/2004 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |
| 84 | Elmer Axume | 7/10/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 85 | Melannie Baedor | 7/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |

[4] As used herein, "Stillwater" includes Stillwater National Bank & Trust Company and Southwest Bancorp, Inc.

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 86 | Sohail Bashirian | 9/1/2006 | Culinary Arts | | |
| 87 | Luswin Bautista | 4/10/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 88 | Joshua Berenguel | 6/12/2005 | Culinary Arts | | |
| 89 | Jon Billings | 5/17/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 90 | John Bogatz | 9/9/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 91 | Christian Bolanos | 5/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 92 | Roland Bombane | 8/18/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 93 | Jason Bonaga | 4/19/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 94 | Annika Boucard | 10/4/2007 | Culinary Arts | CitiBank | CitiBank |
| 95 | Jennifer Brennan | 8/28/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 96 | Lakaya Brooks | 4/4/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 97 | Jennifer Brown | 9/1/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 98 | Mariah Bruno | 4/8/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 99 | Valerie Bryant | 2/21/2005 | Culinary Arts | | |

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 100 | Sherry Buentiempo/Johnston | 2/28/2008 | Culinary Arts | Sallie Mae, Wells Fargo | Sallie Mae, Wells Fargo |
| 101 | Chenin Burnett-Doering | 2/10/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 102 | Carolina Calderon | 5/15/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 103 | Garrett Camp | 7/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 104 | Colin Campbell | 1/6/2007 | Culinary Arts | | |
| 105 | Arturo Campos | 9/1/2006 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |
| 106 | Natalie Cannata | 8/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 107 | Ann Capunitan | 5/22/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 108 | Juana Carrillo | 5/19/2008 | Culinary Arts | Nelnet, Inc. | Nelnet, Inc. |
| 109 | Kamryn Casida | 7/2/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 110 | Krystle Casper | 8/21/2006 | Culinary Arts | Sallie Mae; Dollar Bank, Federal Savings Bank | Sallie Mae |
| 111 | Steven Castillo | 8/18/2008 | Culinary Arts | | |
| 112 | Daniel Cazares | 1/9/2006 | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 113 | Kevin Chan | 10/10/2005 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |
| 114 | Danny Chavez | 7/7/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 115 | Hansang Cho | 8/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 116 | Pamela Clark | 8/22/2005 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co.; Dollar Bank, Federal Savings Bank | Sallie Mae |
| 117 | Jennifer Cleveland | 4/8/2008 | Culinary Arts | Sallie Mae, Wells Fargo | Sallie Mae, Wells Fargo |
| 118 | Gabriel Contreras | 2/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 119 | Matthew Cook | 10/1/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 120 | Jonathan Cordova | 6/12/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 121 | Melissa Cornejo | 2/21/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 122 | Jorge Cuadra | 7/15/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 123 | Andrew Culley | 4/7/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 124 | William Daigle | 8/7/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 125 | Allison Datan | 7/6/2008 | Culinary Arts | | |

9

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 126 | Maureen Dath | 4/12/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 127 | Amber Davis | 7/1/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 128 | Jason De Bernardo | 8/22/2005 | Culinary Arts | Sallie Mae, CSCA | Sallie Mae, CSCA |
| 129 | Timothy Depascale | 9/10/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 130 | Arturo Dominguez | 1/4/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 131 | Daniel Edwards | 4/4/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 132 | Joshua Effle-Hoy | 8/13/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 133 | Brandon Enghusen | 2/6/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 134 | Jennyfer Escobar | 7/7/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 135 | Miguel Escobar | 2/10/2008 | Culinary Arts | Sallie Mae, Citibank | Sallie Mae, Citibank |
| 136 | Mark Estes | 1/3/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 137 | Byron Figueroa | 1/18/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 138 | Amy Filakousky | 5/8/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 139 | Brian Foos | 1/4/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 140 | Vincent Foy | 8/18/2008 | Culinary Arts | | |

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 141 | Khachatour Galdjian | 4/1/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 142 | Isaac Galindo | 8/15/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 143 | Michelle Garay | 3/1/2008 | Culinary Arts | Sallie Mae, Bank of America | Sallie Mae, Affiliated Computer Services, Inc. |
| 144 | Jeffrey Garcia | 8/14/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 145 | Jason Garvin | 10/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 146 | Jenay Gibson | 8/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 147 | Jennifer Gibson | 8/25/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 148 | Kathy Glaser | 5/8/2008 | Culinary Arts | | |
| 149 | Flor Gomez | 7/10/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 150 | Keith Gomez | 8/18/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 151 | Daniel Gonzalez | 10/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 152 | Fernando Gonzalez | 8/18/2008 | Culinary Arts | | |
| 153 | George Gonzalez | 10/10/2007 | Culinary Arts | Sallie Mae, Wells Fargo, Chase | Sallie Mae, Wells Fargo, Chase |
| 154 | Ivan Gonzalez | 7/9/2007 | Culinary Arts | Sallie Mae | Sallie Mae |

11

# APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 155 | Rafael Gonzalez | 1/5/2006 | Culinary Arts | Sallie Mae, Chase | Sallie Mae, Chase |
| 156 | Patrice Grant | 7/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 157 | Corey Gray | 7/7/2008 | Culinary Arts | Bank of America | Bank of America |
| 158 | Fredrik Grenstromer | 4/5/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 159 | Michael Guerra | 10/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 160 | Oscar Guerrero Hernandez | 8/20/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 161 | Natalie Gutierrez | 4/9/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 162 | Jessica Healey | 8/22/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 163 | Michael Healing | 8/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 164 | Rocio Heil | 7/10/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 165 | Joshua Heredia | 10/1/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 166 | Christopher Hernandez | 8/28/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 167 | Brian Hildenhagen | 7/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 168 | Don Ho | 10/4/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 169 | Alexander Hong | 8/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |

12

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|------------|---------|----------------|-------------|
| 170 | Karen  Hua | 10/1/2007 | Culinary Arts | | |
| 171 | Patricia Michele Huerta | 10/7/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 172 | Joseph Huizar | 4/18/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 173 | Bobby Huston | 4/3/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 174 | Jose Ibarra | 8/22/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 175 | Karan Ibranosian | 2/19/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 176 | Brooke Jensen | 2/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 177 | Jamie Johnson | 5/4/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 178 | Joy Jordan | 4/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 179 | Walter Jordan-Azhar | 10/8/2004 | Culinary Arts | | |
| 180 | Jessica Jusak | 8/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 181 | Sofia Kazanchian | 10/18/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 182 | Brad Keasler | 4/1/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 183 | Joseph Kelley | 5/17/2004 | Culinary Arts | | |
| 184 | Christopher Kermani | 8/4/2006 | Culinary Arts | | |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|------------|---------|----------------|-------------|
| 185 | Danny Khajekian | 5/15/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 186 | Shane Knapp | 11/15/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 187 | Meredith Kraut | 8/11/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 188 | Honeylynn Ladrillono | 9/1/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 189 | Malcolm Lakes | 9/8/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 190 | Jacob Lara | 2/22/2005 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |
| 191 | Erika Larrondo | 1/7/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 192 | Angie Lee | 1/7/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 193 | Kevin Doil Lee | 11/10/2008 | Culinary Arts | CSCA | CSCA |
| 194 | Seung Lee | 8/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 195 | Marlen Leiva | 8/16/2008 | Culinary Arts | | |
| 196 | Rene Leiva | 8/14/2005 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |
| 197 | Aric Lewis | 10/10/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 198 | Yvonne Llamas | 10/3/2005 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Co. | Sallie Mae |

14

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 199 | Aixa Lopez | 7/4/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 200 | Juan Lopez | 6/20/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 201 | Lisa Love | 5/2/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 202 | Ashley Lovette | 8/16/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 203 | Eric Lucas | 11/15/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 204 | Shellie Madero-Murrietta | 4/7/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 205 | Marciana Madison | 1/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 206 | Katiusca Marin | 7/9/2007 | Culinary Arts | | |
| 207 | Michael Marquez | 6/7/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 208 | Robert Marquez | 2/2/2008 | Culinary Arts | Sallie Mae, Wells Fargo | Sallie Mae, Wells Fargo |
| 209 | Rico Marshello | 10/3/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 210 | Guillermo Maxwell | 3/13/2008 | Culinary Arts | Sallie Mae, Citibank | Sallie Mae, Citibank |
| 211 | Tracy Mcfarlin | 9/9/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 212 | Colin Mcravey | 10/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 213 | Gabriel Melchor | 4/23/2006 | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 214 | Rose Meneses | 9/1/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 215 | Tomas  Meneses | 8/20/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 216 | Jason Montelibano | 4/9/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 217 | Josr Monterrosa | 7/18/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 218 | Daniel Moore | 8/18/2008 | Culinary Arts | Le Cordon Bleu | Le Cordon Bleu |
| 219 | Yohana M Morales | 9/12/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 220 | Cynthia Moreau | S/23/200S | Culinary Arts | | |
| 221 | Desiree Moreno | 8/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 222 | Ernest Morris | 11/3/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 223 | Justin Moscowitz | 4/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 224 | Laura Moua | 10/4/2007 | Culinary Arts | Sallie Mae, Cavalier Funding 1 LLC | Sallie Mae |
| 22S | Ermer Munar | S/24/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 226 | Adah Munoz | 8/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 227 | Andy Najpauer | 3/1/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 228 | Zareh Nazaryan | 1/6/2008 | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 229 | Sarena Nelson | 11/15/2004 | Culinary Arts | | |
| 230 | Kristian Nelson | 6/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 231 | Christaley Nesbitt | 6/10/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 232 | Torcy Newcombe | 10/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 233 | Charmel Newell | 7/9/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 234 | April Newton | 11/15/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 235 | Richard Nowak | 1/15/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 236 | Aaron Olch | 5/23/2005 | Culinary Arts | | |
| 237 | James Otero | 2/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 238 | Travis Ozier | 10/25/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 239 | Sarah Park | 6/9/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 240 | Matthew Parker | 7/7/2008 | Culinary Arts | | |
| 241 | Karen Paulk | 1/8/2007 | Culinary Arts | | |
| 242 | Samuel Paxson | 8/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 243 | Justin Pena | 10/21/2005 | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 244 | Daniel Perez | 6/6/2007 | Culinary Arts | | |
| 245 | Nathaniel Phillips | 8/1/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 246 | Robert Porter | 8/22/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 247 | Michael Protus | 11/14/2005 | Culinary Arts | | |
| 248 | Stephanie Quaye | 1/8/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 249 | Lauren Ragay | 8/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 250 | Candace Reddix | 5/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 251 | Javier Renteria Olmedo | 1/10/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 252 | Leslie Reska | 11/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 253 | Jason Rickards | 1/4/2008 | Culinary Arts | Sallie Mae | Sallie Mae |
| 254 | Diana Rivera | 8/21/2006 | Culinary Arts | | |
| 255 | Alexander Rodriguez | 7/7/2008 | Culinary Arts | Sallie Mae, Nelnet, Inc. | Sallie Mae, Affiliated Computer Services, Inc. |
| 256 | Gabriel Rodriguez | 9/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae, Green Tree |
| 257 | Luz Rodriguez | 1/8/2007 | Culinary Arts | | |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|---|---|---|---|---|---|
| 258 | Brittney Rodriguez ( Cadena) | 11/1/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 259 | Daniel Roman | 5/23/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 260 | Abel Romero | 11/13/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 261 | Adriana Rosales | 2/5/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 262 | Alvaro Ruiz | 9/10/2005 | Culinary Arts | | |
| 263 | Nicole Ruiz | 5/16/2008 | Culinary Arts | Sallie Mae, Bank of America | Sallie Mae |
| 264 | Raymond Ruotolo | 1/15/2008 | Culinary Arts | Sallie Mae, Nelnet, Inc. | Affiliated Computer Services, Inc., Sallie Mae, Nelnet, Inc. |
| 265 | Michael Rupp | 7/24/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 266 | Juan Sanchez | 1/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 267 | Leyla Sanchez | 1/24/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 268 | Salvatore Sanmarco | 10/8/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 269 | Nubia Santiago | 7/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 270 | Jacob Sawyer | 11/15/2004 | Culinary Arts | Sallie Mae, Stillwater National Bank & Trust Company | Sallie Mae |
| 271 | Steven Scallion | 11/14/2005 | Culinary Arts | Sallie Mae | Sallie Mae |

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|------------|---------|----------------|-------------|
| 272 | Andrew Schick | 7/20/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 273 | Ashlie Seitz | 2/12/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 274 | Michael Shen | 10/1/2007 | Culinary Arts | Wells Fargo, Nelnet, Inc. | Affiliated Computer Services, Inc., Nelnet, Inc., Wells Fargo |
| 27S | Tasha Sherley | 10/3/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 276 | Lucas Spenser | 10/S/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 277 | Martin Stampler | 1/3/2006 | Culinary Arts | | |
| 278 | Andrew Starnes | 1/7/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 279 | Donna Stewart | S/17/2007 | Culinary Arts | Sallie Mae, Cavalier Funding 1 LLC | Sallie Mae |
| 280 | Rolando Sunga Iii | 8/22/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 281 | Alicia Sweeting | 7/10/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 282 | Teresa Tang | 6/20/2006 | Culinary Arts | | |
| 283 | Lawrence Taylor | 2/18/2008 | Culinary Arts | Sallie Mae, Wells Fargo | Sallie Mae, Wells Fargo |
| 284 | Travis Taylor | 6/10/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 28S | Christopher Teague | 7/S/200S | Culinary Arts | Sallie Mae | Sallie Mae |

## APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 286 | Hung Tran | 8/18/2008 | Culinary Arts | Sallie Mae, Bank of America | Sallie Mae, Affiliated Computer Services, Inc., |
| 287 | Donna Trinh | 1/7/2008 | Culinary Arts | Wells Fargo | Wells Fargo |
| 288 | Nancy Tsai | 1/3/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 289 | Evan Tsuchiyama | 1/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 290 | Russell Tuazon | S/1/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 291 | Vigen Tumoyan | 4/1/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 292 | George Tze-Polo | 1/3/2004 | Culinary Arts | Sallie Mae | Sallie Mae |
| 293 | Daniel Uribe | 8/22/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 294 | David Valdez | 6/1/200S | Culinary Arts | Sallie Mae | Sallie Mae |
| 29S | Claudia Vanbeekom | 10/1/2007 | Culinary Arts | Sallie Mae, Wells Fargo, Cavalier Funding 1 LLC | Sallie Mae, Wells Fargo |
| 296 | Joseph Vanover | 2/2/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 297 | Katherine Vasquez | 8/19/200S | Culinary Arts | Sallie Mae, EdFinancial | Sallie Mae, EdFinancial |
| 298 | Nicholas Vasquez | 2/21/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 299 | Ryan Velilla | 1/2/200S | Culinary Arts | Sallie Mae | Sallie Mae |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|-----------|---------|----------------|-------------|
| 300 | Jesus Venegas | 6/23/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 301 | Victor Vides | 8/11/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 302 | Jaocb Viggiano | 1/7/2008 | Culinary Arts | Sallie Mae, Bank of America | Sallie Mae, Bank of America |
| 303 | Eric Villegas | 10/2/2006 | Culinary Arts | Dollar Bank, Federal Savings Bank, Sallie Mae | Sallie Mae |
| 304 | Peter Villegas | 7/10/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 305 | Alexandra Wallen | 6/15/2006 | Culinary Arts | Sallie Mae | Sallie Mae, EdFund |
| 306 | Sarah Ward | 2/27/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 307 | Jessica Waugh | 6/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 308 | Stephen Wells | 1/6/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 309 | Stacie Wheelock | 2/14/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 310 | Jena White | 8/15/2008 | Culinary Arts | CSCA | CSCA |
| 311 | Emily Williams | 2/5/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 312 | Lorren Williams | 9/13/2005 | Culinary Arts | Sallie Mae | Sallie Mae |
| 313 | Ashleigh Wright | 7/6/2006 | Culinary Arts | Sallie Mae, Chase | Sallie Mae, Chase |

APPENDIX

| No. | Full Name | Start Date | Program | Note Holder(s) | Servicer(s) |
|-----|-----------|------------|---------|----------------|-------------|
| 314 | Susan Yoon | 2/10/2007 | Culinary Arts | Sallie Mae | Sallie Mae |
| 315 | Michele Yoshimura | 7/5/2006 | Culinary Arts | Sallie Mae | Sallie Mae |
| 316 | Brandon Yurt | 9/15/2005 | Culinary Arts | Sallie Mae | Sallie Mae |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly (SBN 82063)<br>Kirtland & Packard LLP<br>2361 Rosecrans Avenue, Fourth Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 536-1000   FAX NO.: (310) 536-1001<br>ATTORNEY FOR (Name): Plaintiffs | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 19 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>A. FLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Tiffany Banks, et al. v. California School of Culinary Arts, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC459917 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): 9

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 18, 2011

Michael Louis Kelly (SBN 82063)
(TYPE OR PRINT NAME)                                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice— Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (non-domestic relations)
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

| SHORT TITLE: Tiffany Banks, et al. v. California School of Culinary Arts, Inc. | CASE NUMBER | B C 4 5 9 9 1 7 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 30   ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Tiffany Banks, et al. v. California School of Culinary Arts, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Tiffany Banks, et al. v. California School of Culinary Arts, Inc. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Tiffany Banks, et al, v. California School of Culinary Arts, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Tiffany Banks, et al. v. California School of Culinary Arts, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 521 E. Green Street |
|---|---|
| □1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | |

| CITY: Pasadena | STATE: CA | ZIP CODE: 91101 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Central___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __April 18, 2011__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Louis Kelly (SBN 82063)<br>Kirtland & Packard LLP<br>2361 Rosecrans Avenue, Fourth Floor<br>El Segundo, CA 90245<br>    TELEPHONE NO.: (310) 536-1000   FAX NO. *(Optional):*  (310) 536-1001<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs | FOR COURT USE ONLY<br>CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 19 2011<br><br>John A Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>A. ELSA LOPEZ, CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Central

| | |
|---|---|
| PLAINTIFF/PETITIONER: TIFFANY BANKS; HALEY BERGER; ANNA BERKOWITZ; et al.<br><br>DEFENDANT/RESPONDENT: California School of Culinary Arts, Inc., et al. | CASE NUMBER:<br>BC459917 |
| | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

Identify, in chronological order according to date of filing, all cases related to the case referenced above.

1.  a.  Title: Daniel Vasquez v. California School of Culinary Arts
   b.  Case number: BC393129
   c.  Court:  [x] same as above
          [x] other state or federal court *(name and address):*

BY FAX

   d.  Department:
   e.  Case type:  [ ] limited civil  [x] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*

   f.  Filing date: June 23, 2008
   g.  Has this case been designated or determined as "complex?"  [x] Yes  [ ] No
   h.  Relationship of this case to the case referenced above *(check all that apply):*
        [ ] involves the same parties and is based on the same or similar claims.
        [x] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [x] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
           [ ] Additional explanation is attached in attachment 1h
   i.  Status of case:
        [x] pending
        [ ] dismissed  [ ] with  [ ] without prejudice
        [ ] disposed of by judgment

2.  a.  Title:
   b.  Case number:
   c.  Court:  [ ] same as above
          [ ] other state or federal court *(name and address):*

   d.  Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Page 1 of 3<br>Legal Solutions Plus<br>Cal. Rules of Court, rule 3.300 |

CM-015

| PLAINTIFF/PETITIONER:  TIFFANY BANKS; HALEY BERGER; ANNA BERKOWITZ; et al.<br>DEFENDANT/RESPONDENT:  California School of Culinary Arts, Inc., et al. | CASE NUMBER: |
|---|---|

**2. (continued)**

e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

  ☐ involves the same parties and is based on the same or similar claims.

  ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

  ☐ involves claims against, title to, possession of, or damages to the same property.

  ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐ Additional explanation is attached in attachment 2h

i. Status of case:

  ☐ pending

  ☐ dismissed  ☐ with  ☐ without prejudice

  ☐ disposed of by judgment

**3.** a. Title:

b. Case number:

c. Court: ☐ same as above

  ☐ other state or federal court *(name and address):*

d. Department:

e. Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☐ other *(specify)*:

f. Filing date:

g. Has this case been designated or determined as "complex?"  ☐ Yes  ☐ No

h. Relationship of this case to the case referenced above *(check all that apply):*

  ☐ involves the same parties and is based on the same or similar claims.

  ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

  ☐ involves claims against, title to, possession of, or damages to the same property.

  ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

    ☐ Additional explanation is attached in attachment 3h

i. Status of case:

  ☐ pending

  ☐ dismissed  ☐ with  ☐ without prejudice

  ☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached:

Date: April 18, 2011

Michael Louis Kelly
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

CM-015

| PLAINTIFF/PETITIONER: TIFFANY BANKS; HALEY BERGER; ANNA BERKOWITZ; et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: California School of Culinary Arts, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ►      _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

B C 4 5 9 9 1 7

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
                                                                                                                  By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                          NOTICE OF CASE ASSIGNMENT –                          Page 1 of 2
LASC Approved  05-06                                    UNLIMITED CIVIL CASE

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**   The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**   The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)608-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5665 | (626)568-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-5283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# Exhibit "2"

19
20
21
22
23
24
25
26
27
28

---

*Tiffany Banks v. California School of Culinary Arts, et al.*          Case No.: _____
*Notice Of Removal Of Action*                                                          *Exhibit "2"*



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 8665754**
**Date Processed: 04/22/2011**

| | |
|---|---|
| **Primary Contact:** | Kevin A. Kinnan<br>Affiliated Computer Services, Inc.<br>2828 North Haskell Ave.<br>Building 1, Floor 10<br>Dallas, TX 75204 |

| | |
|---|---|
| **Entity:** | Affiliated Computer Services, Inc.<br>Entity ID Number  2841238 |
| **Entity Served:** | Affiliated Computer Services, Inc. |
| **Title of Action:** | Tiffany Banks vs. California School of Culinary Arts, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC459917 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/21/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Michael Louis Kelly<br>310-536-1000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# PROOF OF SERVICE
*Tiffany Banks v. California Culinary School of Arts, et al.*
USDC - Central District of California, Western Division Case No.:   "TBD"

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 600 B Street, Suite 1650, San Diego, California 92101.

On **May 23, 2011**, I served the foregoing document(s) described as:

## DEFENDANT *AFFILIATED COMPUTER SERVICES, INC.'S* NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 [FEDERAL QUESTION]

on all interested parties in this action in the following manner as set forth below:

( X )  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**  Pursuant to controlling General Order(s) and Federal Rules Of Civil Procedure ("F.R.Civ.P."), the foregoing document will be served by the court via CM/ECF and hyperlink to the document. On **May 23, 2011** I checked the CM/ECF docket for this civil action and determined that the following person(s) are on the *Electronic Mail Notice List* to receive CM/ECF transmission at the email address(es) indicated:

- Michael L. Kelly, Esq.  -  mlk@kirtlandpackard.com
- Behram V. Parekh, Esq.  -  bparekh@yaplaw.com
- Joshua A. Fields, Esq.  -  jaf@kirtlandpackard.com
- Ray E. Gallo, Esq.  -  rgallo@gallo-law.com
- Dominic Valerian, Esq.  -  dvalerian@gmail.com
- Patrick V. Chesney, Esq.  -  pchesney@gallo-law.com
- Stuart Richter, Esq.  -  stuart.richter@kattenlaw.com
- Melissa S. Glousman, Esq.  -  melissa.glousman@kattenlaw.com
- Kristin L. Holland, Esq.  -  kristin.holland@kattenlaw.com
- Jeff E. Scott, Esq.  -  scottj@gtlaw.com
- Gregory A. Nylen, Esq.  -  nyleng@gtlaw.com
- Adil M. Khan, Esq.  -  khanad@gtlaw.com
- Lisa M. Simonetti, Esq.  -  lsimonetti@stroock.com
- Seth M. Goldstein, Esq.  -  sgoldstein@stroock.com
- Monica Cruz Thornton, Esq.  -  mthorton@selmanbreitman.com
- Jared Giddens, Esq.  -  jgiddens@cwlaw.com

- Rich Love, Esq.  -  rloveiii@cwlaw.com
- William L. Stern, Esq.  -  Wstern@mofo.com
- Jennifer Gould, Esq.  -  Jgould@mofo.com
- Donald J. Querio, Esq.  -  djq@severson.com
- Mark D. Lonergan, Esq.  -  mdl@severson.com
- Marlene Camacho Nowlin, Esq.  -  mcn@severson.com
- Amir Torkamini, Esq.  -  aat@severson.com

( X )  **TO BE SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**  On *May 23, 2011*, I served the following person(s) and/or entity(ies) at the last known address(es) in this civil action by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the Judge here constitutes a declaration that mailing to the Judge will be completed no later than twenty-four (24) hours after the document is filed*:

**Service information continued on the "Service List" attached**

(  )  **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 on *May 23, 2011*, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the Judge here constitutes a declaration that personal delivery on the Judge will be completed no later than twenty-four (24) hours after the document is filed*:

**Service information continued on the "Service List" attached**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed *May 23, 2011* at San Diego, California.

*Suzanne Marx - Declarant*

---

*Tiffany Banks v. California School of Culinary Arts, et al.*      Case No.: _____
**Proof of Service**                                                         Page 2

1

## U.S. MAIL and/or EMAIL SERVICE LIST

2

| | |
|---|---|
| 3    4    5    6    7    8    9 Michael L. Kelly, Esq.<br>Behram V. Parekh, Esq.<br>Joshua A. Fields, Esq.<br>KIRTLAND & PACKARD, LLP<br>2361 Rosecrans Avenue - 4th Floor<br>El Segundo, California 90245<br>Telephone:  310.536.1000<br>Facsimile:  310.536.1001<br>Email:  mlk@kirtlandpackard.com;<br>bparekh@yaplaw.com; and<br>jaf@kirtlandpackard.com | Attorneys for ALL Plaintiffs  –  Via NEF |
| 10    11    12    13    14    15    16 Ray E. Gallo, Esq.<br>Dominic Valerian, Esq.<br>Patrick V. Chesney, Esq.<br>GALLO & ASSOCIATES<br>1101 Fifth Avenue, Suite 205<br>San Rafael, California 94901<br>Telephone:  310.338.1114<br>Facsimile:  310.338.1199<br>Email:  rgallo@gallo-law.com;<br>dvalerian@gmail.com; and<br>pchesney@gallo-law.com | Associate Counsel for ALL Plaintiffs  –<br>Via NEF |
| 17    18    19    20    21    22    23    24    25    26 Stuart Richter, Esq.<br>Melissa S. Glousman, Esq.<br>Kristin L. Holland, Esq.<br>KATTEN, MUCHIN &<br>ROSENMAN, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, California 90067-3012<br>Telephone:  310.788.4400<br>Facsimile:  310.788.4471<br>Email: stuart.richter@kattenlaw.com;<br>melissa.glousman@kattenlaw.com;<br>kristin.holland@kattenlaw.com;<br>victoria.boyd@kattenlaw.com;<br>eric.guerrero@kattenlaw.com;<br>greg.korman@kattenlaw.com;<br>dana.thompson@kattenlaw.com | Attorneys for Defendants, *CALIFORNIA SCHOOL OF CULINARY ARTS, INC., a California corporation* and *CAREER EDUCATION CORPORATION, a Delaware corporation*  –  Via NEF |

27

28

## U.S. MAIL and/or EMAIL SERVICE LIST

| | |
|---|---|
| Jeff E. Scott, Esq.<br>Gregory A. Nylen, Esq.<br>Adil M. Khan, Esq.<br>GREENBERG TRAURIG<br>2450 Colorado Avenue, Suite 400 East<br>Santa Monica, California 90404<br>Telephone:  310.586.7700<br>Facsimile:  310.586.7800<br>Email:  scottj@gtlaw.com;<br>nyleng@gtlaw.com; godwint@gtlaw.com;<br>khanad@gtlaw.com; riveraal@gtlaw.com;<br>and stokiene@gtlaw.com | Associate Counsel for Defendants, *CALIFORNIA SCHOOL OF CULINARY ARTS, INC., a California corporation* and *CAREER EDUCATION CORPORATION, a Delaware corporation* – Via NEF |
| Lisa M. Simonetti, Esq.<br>Seth M. Goldstein, Esq.<br>STROOCK & STROOCK & LAVAN<br>2029 Century Park East, 16th Floor<br>Los Angeles, California 90067<br>Telephone:  310.556.5800<br>Facsimile:  310.556.5959<br>Email:  lsimonetti@stroock.com<br>       sgoldstein@stroock.com | Attorneys for Defendants, *SALLIE MAE, INC., a Delaware corporation; SALLIE MAE BANK OF UTAH, a Utah corporation; SALLIE MAE EDUCATION TRUST, a Delaware statutory trust; SLM EDUCATION CREDIT FINANCE CORPORATION, a Delaware corporation; SLM EDUCATION CREDIT MANAGEMENT CORPORATION, a Delaware corporation;* and *CAVALIER FUNDING 1 LLC, a Delaware limited liability company* – Via NEF |
| Monica Cruz Thornton, Esq.<br>SELMAN & BREITMAN, LLP<br>11766 Wilshire Boulevard, 6th Floor<br>Los Angeles, California 90025<br>Telephone:  310.689.7018 / 310.445.0800<br>Facsimile:  310.473.2525<br>Email:  mthornton@selmanbreitman.com | Attorneys for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation;* and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |
| Jared Giddens, Esq.<br>CONNER & WINTERS, LLP<br>1700 One Leadership Square<br>322 North Robinson<br>Oklahoma City, Oklahoma 73102<br>Telephone:  405.272.5731 / 405.272.5711<br>Facsimile:  405.232.2695<br>Email:  jgiddens@cwlaw.com | Associate Counsel for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation;* and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |

*Tiffany Banks v. California School of Culinary Arts, et al.*     Case No.:  _____
**Proof of Service**                                            Page 4

## U.S. MAIL and/or EMAIL SERVICE LIST

| | |
|---|---|
| Rich Love, Esq.<br>CONNER & WINDERS, LLP<br>4000 One Williams Center<br>Tulsa, Oklahoma 74172-0148<br>Telephone: 918.586.5679 / 918.586.5711<br>Facsimile: 918.586.8679<br>Email: rloveiii@cwlaw.com | Associate Counsel for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation*; and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |
| William L. Stern, Esq.<br>Jennifer Gould, Esq.<br>MORRISON & FOERSTER, LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br>Email: wstern@mofo.com<br>jgould@mofo.com | Attorneys for Defendants, *BANK OF AMERICA CORPORATION, a Delaware corporation* and *BANK OF AMERICA, N.A., a national association* – Via NEF |
| Donald J. Querio, Esq.<br>Mark D. Lonergan, Esq.<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111<br>Telephone: 415.398.3344<br>Facsimile: 415.956.0439<br>Email: djq@severson.com<br>mdl@severson.com | Attorneys for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation* – Via NEF |
| Marlene Camacho Nowlin, Esq.<br>Amir Torkamini, Esq.<br>SEVERSON & WERSON<br>The Atrium – Suite 700<br>19100 Von Karman Avenue<br>Irvine, California 92612<br>Telephone: 949.442.7110<br>Facsimile: 949.442.7119<br>Email: mcm@severson.com<br>aat@severson.com | Associate Counsel for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation* – Via NEF |

1

## U.S. MAIL and/or EMAIL SERVICE LIST (con'd)

2

| | |
|---|---|
| Donald J. Querio, Esq.<br>Mark D. Lonergan, Esq.<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111<br>Telephone:  415.398.3344<br>Facsimile:  415.956.0439<br>Email:  djq@severson.com<br>     mdl@severson.com | Attorneys for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation*  –  Via NEF |
| Marlene Camacho Nowlin, Esq.<br>Amir Torkamini, Esq.<br>SEVERSON & WERSON<br>The Atrium – Suite 700<br>19100 Von Karman Avenue<br>Irvine, California 92612<br>Telephone:  949.442.7110<br>Facsimile:  949.442.7119<br>Email:  mcm@severson.com<br>     aat@severson.com | Associate Counsel for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation*  –  Via NEF |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV11- 4446 PSG (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

2011-MAY-24 11:00 FROM-ABC LEGAL SERVICES 2139299418 T-372 P.008/015 F-961

MAY-24-2011 10:53 P.002

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) See ATTACHMENT "1" hereto | DEFENDANTS See ATTACHMENT "1" hereto |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Michael L. Kelly, Esq./Behram V. Parekh, Esq. KIRTLAND & PACKARD, LLP 2361 Rosecrans Avenue - 4th Floor El Segundo, California 90245 Telephone: 310.536.1000 | Attorneys (If Known) Janice P. Brown, Esq. Stacy L. Fode, Esq. BROWN LAW GROUP 600 "B" Street, Suite 1650 San Diego, California 92101 Telephone: 619.330.1700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1441 and 1331; and 15 U.S.C. section 41, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV11 04446

FOR OFFICE USE ONLY: Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| See ATTACHMENT "1" hereto | See ATTACHMENT "1" hereto |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael L. Kelly, Esq./Behram V. Parekh, Esq. KIRTLAND & PACKARD, LLP 2361 Rosecrans Avenue - 4th Floor El Segundo, California 90245 Telephone: 310.536.1000 | Janice P. Brown, Esq. Stacy L. Fode, Esq. BROWN LAW GROUP 600 "B" Street, Suite 1650 San Diego, California 92101 Telephone: 619.330.1700 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1441 and 1331; and 15 U.S.C. section 41, et seq.

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: _____.

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** /s/ Stacy L. Fode, Esq.   **Date** May 23, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT "1" TO CIVIL COVER SHEET

| **PARTY** | **CONNECTION** |
| --- | --- |
| TIFFANY BANKS | Plaintiff |
| HALEY BERGER | Plaintiff |
| ANNA BERKOWITZ | Plaintiff |
| ROCCO CAMARILLO | Plaintiff |
| JENNIFER CENTENO | Plaintiff |
| CECILIA CHARILY | Plaintiff |
| JOHANNA CHARLTON | Plaintiff |
| KATRINA COFFMAN | Plaintiff |
| OSIRIS CORDOVA | Plaintiff |
| ANDREW COTTLE | Plaintiff |
| KORINA DEL REAL | Plaintiff |
| JOSE DETRES | Plaintiff |
| RODRIGO DORANTES | Plaintiff |
| ADRIANA EDWARDS | Plaintiff |
| ARACELI ESCOTO | Plaintiff |
| ASHLEY GALINDO | Plaintiff |
| MELISSA GIBSON | Plaintiff |
| CECILIA GOMEZ | Plaintiff |
| LAUREL GRESSETT | Plaintiff |
| ELIZABETH GUTIERREZ | Plaintiff |
| JULIANNA HERNANDEZ | Plaintiff |
| TRESA HOLLIS PERKINS | Plaintiff |
| NATALIE HORVATH | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| ASHLEY HUDSON | Plaintiff |
| MCKIM JACOBSON | Plaintiff |
| LAUREN JETTE | Plaintiff |
| ORTAL KAVON | Plaintiff |
| ALLYSUN KNAPP | Plaintiff |
| ELAM LOPEZ | Plaintiff |
| TIERRA MACON | Plaintiff |
| STEPHANIE MAGANA | Plaintiff |
| STEPHANIE MARTIN | Plaintiff |
| ANGELICA MARTINEZ | Plaintiff |
| STEPHANIE MARTINEZ | Plaintiff |
| CORINNA MASSIET | Plaintiff |
| VICKIE MCDOUGAL | Plaintiff |
| NATALIE MCFEE | Plaintiff |
| LIZETTE MELGOZA | Plaintiff |
| LINDA MEPOKEE | Plaintiff |
| DIEGO MONTANO | Plaintiff |
| NATASHIA MONTENEGRO | Plaintiff |
| STEPHANIE ROSE NORCIO | Plaintiff |
| DONNA OSBORN | Plaintiff |
| LILI OSTROW | Plaintiff |
| LUIS PADILLA | Plaintiff |
| JENNIFER PENDERGRAFT | Plaintiff |
| MARY PERDOMO | Plaintiff |
| JESSICA PINA | Plaintiff |

| **PARTY** | **CONNECTION** |
|-----------|----------------|
| KARINA PORCAYO | Plaintiff |
| APRIL REGINO | Plaintiff |
| DENYSE RODRIGUEZ | Plaintiff |
| ANGELA ROLLON | Plaintiff |
| CHRISTINA ROMERO | Plaintiff |
| VALERIE SANCHEZ | Plaintiff |
| MICHELLE SANCHEZ | Plaintiff |
| BIANCA SAPOZHNIKOV | Plaintiff |
| THERESA STEVENS | Plaintiff |
| VERONICA TAMURA | Plaintiff |
| HEATHER TROTTER | Plaintiff |
| ROCIO VALDEZ | Plaintiff |
| MARIE VALDEZ | Plaintiff |
| DAVID VALENCIA | Plaintiff |
| ERWIN VALENCIA | Plaintiff |
| JACQUELINE WELLS | Plaintiff |
| STEPHANIE XIMENEZ-CALDERON | Plaintiff |
| CHRISTINE YAACOUBIAN | Plaintiff |
| MICHELE ZURCHER | Plaintiff |
| SUFYAN ABDELSHIFE | Plaintiff |
| CHARLES ABRENICA | Plaintiff |
| ERIC ADABKHAH | Plaintiff |
| PRYSCILLA ADAME | Plaintiff |
| CYED ADRAINCEM | Plaintiff |
| APRIL AGUILAR | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| CANDIDA AGUILAR | Plaintiff |
| ALDRICH ALCANTARA | Plaintiff |
| SCOTT ANDERSON | Plaintiff |
| MARICAR ANGELES | Plaintiff |
| GEOFFREY ARMSTRONG | Plaintiff |
| MICHAEL ARTUSCOOPER | Plaintiff |
| KYLE AU | Plaintiff |
| STACEY AUSBY | Plaintiff |
| DIANE AVEYTIA | Plaintiff |
| DORA AVILA | Plaintiff |
| ELMER AXUME | Plaintiff |
| MELANNIE BAEDOR | Plaintiff |
| SOHAIL BASHIRIAN | Plaintiff |
| LUSWIN BAUTISTA | Plaintiff |
| JOSHUA BERENGUEL | Plaintiff |
| JON BILLINGS | Plaintiff |
| JOHN BOGATZ | Plaintiff |
| CHRISTIAN BOLANOS | Plaintiff |
| ROLAND BOMBANE | Plaintiff |
| JASON BONAGA | Plaintiff |
| ANNIKA BOUCARD | Plaintiff |
| JENNIFER BRENNAN | Plaintiff |
| LAKAYA BROOKS | Plaintiff |
| JENNIFER BROWN | Plaintiff |
| MARIAH BRUNO | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| VALERIE BRYANT | Plaintiff |
| SHERRY BUENTIEMPO/JOHNSTON | Plaintiff |
| CHENIN BURNETT-DOERING | Plaintiff |
| CAROLINA CALDERON | Plaintiff |
| GARRETT CAMP | Plaintiff |
| COLIN CAMPBELL | Plaintiff |
| ARTURO CAMPOS | Plaintiff |
| NATALIE CANNATA | Plaintiff |
| ANN CAPUNITAN | Plaintiff |
| JUANA CARRILLO | Plaintiff |
| KAMRYN CASIDA | Plaintiff |
| KRYSTLE CASPER | Plaintiff |
| STEVEN CASTILLO | Plaintiff |
| DANIEL CAZARES | Plaintiff |
| KEVIN CHAN | Plaintiff |
| DANNY CHAVEZ | Plaintiff |
| HANSANG CHO | Plaintiff |
| PAMELA CLARK | Plaintiff |
| JENNIFER CLEVELAND | Plaintiff |
| GABRIEL CONTRERAS | Plaintiff |
| MATTHEW COOK | Plaintiff |
| JONATHAN CORDOVA | Plaintiff |
| MELISSA CORNEJO | Plaintiff |
| JORGE CUADRA | Plaintiff |
| ANDREW CULLEY | Plaintiff |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| PARTY | CONNECTION |
|-------|------------|
| WILLIAM DAIGLE | Plaintiff |
| ALLISON DATAN | Plaintiff |
| MAUREEN DATH | Plaintiff |
| AMBER DAVIS | Plaintiff |
| JASON DE BERNARDO | Plaintiff |
| TIMOTHY DEPASCALE | Plaintiff |
| ARTURO DOMINGUEZ | Plaintiff |
| DANIEL EDWARDS | Plaintiff |
| JOSHUA EFFLE-HOY | Plaintiff |
| BRANDON ENGHUSEN | Plaintiff |
| JENNYFER ESCOBAR | Plaintiff |
| MIGUEL ESCOBAR | Plaintiff |
| MARK ESTES | Plaintiff |
| BYRON FIGUEROA | Plaintiff |
| AMY FILAKOUSKY | Plaintiff |
| BRIAN FOOS | Plaintiff |
| VINCENT FOY | Plaintiff |
| ICHACHATOUR GALDJIAN | Plaintiff |
| ISAAC GALINDO | Plaintiff |
| MICHELLE GARAY | Plaintiff |
| JEFFREY GARCIA | Plaintiff |
| JASON GARVIN | Plaintiff |
| JENAY GIBSON | Plaintiff |
| JENNIFER GIBSON | Plaintiff |
| KATHY GLASER | Plaintiff |

| PARTY | CONNECTION |
|-------|------------|
| FLOR GOMEZ | Plaintiff |
| KEITH GOMEZ | Plaintiff |
| DANIEL GONZALEZ | Plaintiff |
| FERNANDO GONZALEZ | Plaintiff |
| GEORGE GONZALEZ | Plaintiff |
| IVAN GONZALEZ | Plaintiff |
| RAFAEL GONZALEZ | Plaintiff |
| PATRICE GRANT | Plaintiff |
| COREY GRAY | Plaintiff |
| FREDRIK GRENSTROMER | Plaintiff |
| MICHAEL GUERRA | Plaintiff |
| OSCAR GUERRERO HERNANDEZ | Plaintiff |
| NATALIE GUTIERREZ | Plaintiff |
| JESSICA HEALEY | Plaintiff |
| MICHAEL HEALING | Plaintiff |
| ROCIO HEIL | Plaintiff |
| JOSHUA HEREDIA | Plaintiff |
| CHRISTOPHER HERNANDEZ | Plaintiff |
| BRIAN HILDENHAGEN | Plaintiff |
| DON HO | Plaintiff |
| ALEXANDER HONG | Plaintiff |
| KAREN HUA | Plaintiff |
| PATRICIA MICHELE HUERTA | Plaintiff |
| JOSEPH HUIZAR | Plaintiff |
| BOBBY HUSTON | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| JOSE IBARRA | Plaintiff |
| KARAN IBRANOSIAN | Plaintiff |
| BROOKE JENSEN | Plaintiff |
| JAMIE JOHNSON | Plaintiff |
| JOY JORDAN | Plaintiff |
| WALTER JORDAN-AZHAR | Plaintiff |
| JESSICA JUSAK | Plaintiff |
| SOFIA KAZANCHIAN | Plaintiff |
| BRAD KEASLER | Plaintiff |
| JOSEPH KELLEY | Plaintiff |
| CHRISTOPHER KERMANI | Plaintiff |
| DANNY ICHA TEICIAN | Plaintiff |
| SHANE KNAPP | Plaintiff |
| MEREDITH KRAUT | Plaintiff |
| HONEYLYNN LADRILLONO | Plaintiff |
| MALCOLM LAKES | Plaintiff |
| JACOB LARA | Plaintiff |
| ERIKA LARRONDO | Plaintiff |
| ANGIE LEE | Plaintiff |
| KEVIN DOLL LEE | Plaintiff |
| SEUNG LEE | Plaintiff |
| MARLEN LEIVA | Plaintiff |
| RENE LEIVA | Plaintiff |
| ARIC LEWIS | Plaintiff |
| YVONNE LLAMAS | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| AIXA LOPEZ | Plaintiff |
| JUAN LOPEZ | Plaintiff |
| LISA LOVE | Plaintiff |
| ASHLEY LOVETTE | Plaintiff |
| ERIC LUCAS | Plaintiff |
| SHELLIE MADEROMURRIETTA | Plaintiff |
| MARCIANA MADISON | Plaintiff |
| KATIUSCA MARIN | Plaintiff |
| MICHAEL MARQUEZ | Plaintiff |
| ROBERT MARQUEZ | Plaintiff |
| RICO MARSHELLO | Plaintiff |
| GUILLERMO MAXWELL | Plaintiff |
| TRACY MCFARLIN | Plaintiff |
| COLIN MCRAVEY | Plaintiff |
| GABRIEL MELCHOR | Plaintiff |
| ROSE MENESES | Plaintiff |
| TOMAS MENESES | Plaintiff |
| JASON MONTELIBANO | Plaintiff |
| JOSR MONTERROSA | Plaintiff |
| DANIEL MOORE | Plaintiff |
| YOHANA M MORALES | Plaintiff |
| CYNTHIA MOREAU | Plaintiff |
| DESIREE MORENO | Plaintiff |
| ERNEST MORRIS | Plaintiff |
| JUSTIN MOSCOWITZ | Plaintiff |

| **PARTY** | **CONNECTION** |
|-----------|----------------|
| LAURA MOUA | Plaintiff |
| ERMER MUNAR | Plaintiff |
| ADAH MUNOZ | Plaintiff |
| ANDY NAJPAUER | Plaintiff |
| ZAREH NAZARYAN | Plaintiff |
| SARENA NELSON | Plaintiff |
| KRISTIAN NELSON | Plaintiff |
| CHRISTALEY NESBITT | Plaintiff |
| TORCY NEWCOMBE | Plaintiff |
| CHARMEL NEWELL | Plaintiff |
| APRIL NEWTON | Plaintiff |
| RICHARD NOWAK | Plaintiff |
| AARON OLCH | Plaintiff |
| JAMES OTERO | Plaintiff |
| TRAVIS OZIER | Plaintiff |
| SARAH PARK | Plaintiff |
| MATTHEW PARKER | Plaintiff |
| KAREN PAULK | Plaintiff |
| SAMUEL PAXSON | Plaintiff |
| JUSTIN PENA | Plaintiff |
| DANIEL PEREZ | Plaintiff |
| NATHANIEL PHILLIPS | Plaintiff |
| ROBERT PORTER | Plaintiff |
| MICHAEL PROTUS | Plaintiff |
| STEPHANIE QUAYE | Plaintiff |

| PARTY | CONNECTION |
|-------|------------|
| LAUREN RAGAY | Plaintiff |
| CANDACE REDDIX | Plaintiff |
| JAVIER RENTERIA OLMEDO | Plaintiff |
| LESLIE RESKA | Plaintiff |
| JASON RICKARDS | Plaintiff |
| DIANA RIVERA | Plaintiff |
| ALEXANDER RODRIGUEZ | Plaintiff |
| GABRIEL RODRIGUEZ | Plaintiff |
| LUZ RODRIGUEZ | Plaintiff |
| BRITTNEY RODRIGUEZ | Plaintiff |
| DANIEL ROMAN | Plaintiff |
| ABEL ROMERO | Plaintiff |
| ADRIANA ROSALES | Plaintiff |
| ALVARO RUIZ | Plaintiff |
| NICOLE RUIZ | Plaintiff |
| RAYMOND RUOTOLO | Plaintiff |
| MICHAEL RUPP | Plaintiff |
| JUAN SANCHEZ | Plaintiff |
| LEYLA SANCHEZ | Plaintiff |
| SALVATORE SANMARCO | Plaintiff |
| NUBIA SANTIAGO | Plaintiff |
| JACOB SAWYER | Plaintiff |
| STEVEN SCALLION | Plaintiff |
| ANDREW SCHICK | Plaintiff |
| ASHLIE SEITZ | Plaintiff |

| PARTY | CONNECTION |
|---|---|
| MICHAEL SHEN | Plaintiff |
| TASHA SHERLEY | Plaintiff |
| LUCAS SPENSER | Plaintiff |
| MARTIN STAMPLER | Plaintiff |
| ANDREW STARNES | Plaintiff |
| DONNA STEWART | Plaintiff |
| ROLANDO SUNGA III | Plaintiff |
| ALICIA SWEETING | Plaintiff |
| TERESA TANG | Plaintiff |
| LAWRENCE TAYLOR | Plaintiff |
| TRAVIS TAYLOR | Plaintiff |
| CHRISTOPHER TEAGUE | Plaintiff |
| HUNG TRAN | Plaintiff |
| DONNA TRINH | Plaintiff |
| NANCY TSAI | Plaintiff |
| EVAN TSUCHIYAMA | Plaintiff |
| RUSSELL TUAZON | Plaintiff |
| VIGEN TUMOYAN | Plaintiff |
| GEORGE TZE-POLO | Plaintiff |
| DANIEL URIBE | Plaintiff |
| DAVID VALDEZ | Plaintiff |
| CLAUDIA VANBEEKOM | Plaintiff |
| JOSEPH VANOVER | Plaintiff |
| KATHERINE VASQUEZ | Plaintiff |
| NICHOLAS VASQUEZ | Plaintiff |

| **PARTY** | **CONNECTION** |
|---|---|
| RYAN VELILLA | Plaintiff |
| JESUS VENEGAS | Plaintiff |
| VICTOR VIDES | Plaintiff |
| JACOB VIGGIANO | Plaintiff |
| ERIC VILLEGAS | Plaintiff |
| PETER VILLEGAS | Plaintiff |
| ALEXANDRA WALLEN | Plaintiff |
| SARAH WARD | Plaintiff |
| JESSICA WAUGH | Plaintiff |
| STEPHEN WELLS | Plaintiff |
| STACIE WHEELOCK | Plaintiff |
| JENA WHITE | Plaintiff |
| EMILY WILLIAMS | Plaintiff |
| LORREN WILLIAMS | Plaintiff |
| ASHLEIGH WRIGHT | Plaintiff |
| SUSAN YOON | Plaintiff |
| MICHELE YOSHIMURA | Plaintiff |
| BRANDON YURT | Plaintiff |
| CALIFORNIA SCHOOL OF CULINARY ARTS, INC., a California corporation | Defendant |
| CAREER EDUCATION CORPORATION, a Delaware corporation | Defendant |
| SALLIE MAE, INC., a Delaware corporation | Defendant |
| SALLIE MAE BANK OF UTAH, a Utah corporation | Defendant |

| PARTY | CONNECTION |
|---|---|
| SALLIE MAE EDUCATION TRUST, a Delaware statutory trust | Defendant |
| SLM EDUCATION CREDIT FINANCE CORPORATION, a Delaware corporation | Defendant |
| SLM EDUCATION CREDIT MANAGEMENT CORPORATION, a Delaware corporation | Defendant |
| CAVALIER FUNDING 1 LLC, a Delaware limited liability company | Defendant |
| NELNET, INC., a Nebraska corporation | Defendant |
| DOLLAR BANK, FEDERAL SAVINGS BANK, a Pennsylvania corporation | Defendant |
| STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation | Defendant |
| SOUTHWEST BANCORP, INC., an Oklahoma corporation | Defendant |
| JPMORGAN CHASE & CO. , a Delaware corporation | Defendant |
| WELLS FARGO BANK, N.A., a national association | Defendant |
| WELLS FARGO & COMPANY, a Delaware corporation | Defendant |
| WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation | Defendant |
| BANK OF AMERICA CORPORATION, a Delaware corporation | Defendant |

| **PARTY** | **CONNECTION** |
|---|---|
| BANK OF AMERICA, N.A., a national association | Defendant |
| CITIGROUP, INC. , a Delaware corporation | Defendant |
| AFFILIATED COMPUTER SERVICES, INC. , a Delaware corporation | Defendant |
| GREEN TREE SERVICING, LLC, a Delaware limited liability corporation | Defendant |
| EDFINANCIAL SERVICES, LLC, a Nevada limited liability company | Defendant |

## PROOF OF SERVICE
### *Tiffany Banks v. California Culinary School of Arts, et al.*
USDC - Central District of California, Western Division Case No.: ___"TBD"___

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 B Street, Suite 1650, San Diego, California 92101.

On *May 23, 2011*, I served the foregoing document(s) described as:

### CIVIL COVER SHEET

on all interested parties in this action in the following manner as set forth below:

( X ) **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Federal Rules Of Civil Procedure ("F.R.Civ.P."), the foregoing document will be served by the court via CM/ECF and hyperlink to the document. On *May 23, 2011* I checked the CM/ECF docket for this civil action and determined that the following person(s) are on the *Electronic Mail Notice List* to receive CM/ECF transmission at the email address(es) indicated:

- Michael L. Kelly, Esq.  -  mlk@kirtlandpackard.com
- Behram V. Parekh, Esq. -  bparekh@yaplaw.com
- Joshua A. Fields, Esq. -  jaf@kirtlandpackard.com
- Ray E. Gallo, Esq.  -  rgallo@gallo-law.com
- Dominic Valerian, Esq.  -  dvalerian@gmail.com
- Patrick V. Chesney, Esq.  -  pchesney@gallo-law.com
- Stuart Richter, Esq.  -  stuart.richter@kattenlaw.com
- Melissa S. Glousman, Esq.  -  melissa.glousman@kattenlaw.com
- Kristin L. Holland, Esq.  -  kristin.holland@kattenlaw.com
- Jeff E. Scott, Esq.  -  scottj@gtlaw.com
- Gregory A. Nylen, Esq. -  nyleng@gtlaw.com
- Adil M. Khan, Esq. -  khanad@gtlaw.com
- Lisa M. Simonetti, Esq.  -  lsimonetti@stroock.com
- Seth M. Goldstein, Esq.  -  sgoldstein@stroock.com
- Monica Cruz Thornton, Esq.  -  mthorton@selmanbreitman.com
- Jared Giddens, Esq.  -  jgiddens@cwlaw.com
- Rich Love, Esq.  -  rloveiii@cwlaw.com
- William L. Stern, Esq.  -  Wstern@mofo.com

---

*Tiffany Banks v. California School of Culinary Arts, et al.*          Case No.: _____
**Proof Of Service**                                                             Page 1

- Jennifer Gould, Esq. - Jgould@mofo.com
- Donald J. Querio, Esq. - djq@severson.com
- Mark D. Lonergan, Esq. - mdl@severson.com
- Marlene Camacho Nowlin, Esq. - mcn@severson.com
- Amir Torkamini, Esq. - aat@severson.com

( X ) **TO BE SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On *May 23, 2011*, I served the following person(s) and/or entity(ies) at the last known address(es) in this civil action by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the Judge here constitutes a declaration that mailing to the Judge will be completed no later than twenty-four (24) hours after the document is filed*:

*Service information continued on the "Service List" attached*

( ) **TO BE SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 on *May 23, 2011*, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the Judge here constitutes a declaration that personal delivery on the Judge will be completed no later than twenty-four (24) hours after the document is filed:*

*Service information continued on the "Service List" attached*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed *May 23, 2011* at San Diego, California.

*Suzanne Marx - Declarant*

*Tiffany Banks v. California School of Culinary Arts, et al.*    Case No.: _____
**Proof of Service**                                              Page 2

## U.S. MAIL and/or EMAIL SERVICE LIST

| | |
|---|---|
| Michael L. Kelly, Esq.<br>Behram V. Parekh, Esq.<br>Joshua A. Fields, Esq.<br>KIRTLAND & PACKARD, LLP<br>2361 Rosecrans Avenue - 4th Floor<br>El Segundo, California 90245<br>Telephone:  310.536.1000<br>Facsimile:  310.536.1001<br>Email:  mlk@kirtlandpackard.com;<br>bparekh@yaplaw.com; and<br>jaf@kirtlandpackard.com | Attorneys for ALL Plaintiffs  –  Via NEF |
| Ray E. Gallo, Esq.<br>Dominic Valerian, Esq.<br>Patrick V. Chesney, Esq.<br>GALLO & ASSOCIATES<br>1101 Fifth Avenue, Suite 205<br>San Rafael, California 94901<br>Telephone:  310.338.1114<br>Facsimile:  310.338.1199<br>Email:  rgallo@gallo-law.com;<br>dvalerian@gmail.com; and<br>pchesney@gallo-law.com | Associate Counsel for ALL Plaintiffs  –  Via NEF |
| Stuart Richter, Esq.<br>Melissa S. Glousman, Esq.<br>Kristin L. Holland, Esq.<br>KATTEN, MUCHIN &<br>ROSENMAN, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, California 90067-3012<br>Telephone:  310.788.4400<br>Facsimile:  310.788.4471<br>Email: stuart.richter@kattenlaw.com;<br>melissa.glousman@kattenlaw.com;<br>kristin.holland@kattenlaw.com;<br>victoria.boyd@kattenlaw.com;<br>eric.guerrero@kattenlaw.com;<br>greg.korman@kattenlaw.com;<br>dana.thompson@kattenlaw.com | Attorneys for Defendants, *CALIFORNIA SCHOOL OF CULINARY ARTS, INC.*, a *California* corporation and *CAREER EDUCATION CORPORATION*, a *Delaware* corporation  –  Via NEF |

## U.S. MAIL and/or EMAIL SERVICE LIST

| | |
|---|---|
| Jeff E. Scott, Esq.<br>Gregory A. Nylen, Esq.<br>Adil M. Khan, Esq.<br>GREENBERG TRAURIG<br>2450 Colorado Avenue, Suite 400 East<br>Santa Monica, California 90404<br>Telephone:  310.586.7700<br>Facsimile:  310.586.7800<br>Email:  scottj@gtlaw.com;<br>nyleng@gtlaw.com; godwint@gtlaw.com;<br>khanad@gtlaw.com; riveraal@gtlaw.com;<br>and stokiene@gtlaw.com | Associate Counsel for Defendants, *CALIFORNIA SCHOOL OF CULINARY ARTS, INC., a California corporation* and *CAREER EDUCATION CORPORATION, a Delaware corporation* – Via NEF |
| Lisa M. Simonetti, Esq.<br>Seth M. Goldstein, Esq.<br>STROOCK & STROOCK & LAVAN<br>2029 Century Park East, 16th Floor<br>Los Angeles, California 90067<br>Telephone:  310.556.5800<br>Facsimile:  310.556.5959<br>Email:  lsimonetti@stroock.com<br>sgoldstein@stroock.com | Attorneys for Defendants, *SALLIE MAE, INC., a Delaware corporation; SALLIE MAE BANK OF UTAH, a Utah corporation; SALLIE MAE EDUCATION TRUST, a Delaware statutory trust; SLM EDUCATION CREDIT FINANCE CORPORATION, a Delaware corporation; SLM EDUCATION CREDIT MANAGEMENT CORPORATION, a Delaware corporation;* and *CAVALIER FUNDING 1 LLC, a Delaware limited liability company* – Via NEF |
| Monica Cruz Thornton, Esq.<br>SELMAN & BREITMAN, LLP<br>11766 Wilshire Boulevard, 6th Floor<br>Los Angeles, California 90025<br>Telephone:  310.689.7018 / 310.445.0800<br>Facsimile:  310.473.2525<br>Email:  mthornton@selmanbreitman.com | Attorneys for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation;* and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |
| Jared Giddens, Esq.<br>CONNER & WINTERS, LLP<br>1700 One Leadership Square<br>322 North Robinson<br>Oklahoma City, Oklahoma 73102<br>Telephone:  405.272.5731 / 405.272.5711<br>Facsimile:  405.232.2695<br>Email:  jgiddens@cwlaw.com | Associate Counsel for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation;* and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |

*Tiffany Banks v. California School of Culinary Arts, et al.*     Case No.: _____
**Proof of Service**

1

## U.S. MAIL and/or EMAIL SERVICE LIST

2

| | |
|---|---|
| 3<br><br>4<br><br>5<br><br>6<br><br>7 | Rich Love, Esq.<br>CONNER & WINDERS, LLP<br>4000 One Williams Center<br>Tulsa, Oklahoma 74172-0148<br>Telephone:  918.586.5679 / 918.586.5711<br>Facsimile:  918.586.8679<br>Email:  rloveiii@cwlaw.com | Associate Counsel for Defendants, *STILLWATER NATIONAL BANK AND TRUST COMPANY, an Oklahoma corporation*; and *SOUTHWEST BANCORP, INC., an Oklahoma corporation* – Via NEF |
| 8<br><br>9<br><br>10<br><br>11<br><br>12<br><br>13 | William L. Stern, Esq.<br>Jennifer Gould, Esq.<br>MORRISON & FOERSTER, LLP<br>425 Market Street<br>San Francisco, California 94105-2482<br>Telephone:  415.268.7000<br>Facsimile:  415.268.7522<br>Email:  wstern@mofo.com<br>          jgould@mofo.com | Attorneys for Defendants, *BANK OF AMERICA CORPORATION, a Delaware corporation* and *BANK OF AMERICA, N.A., a national association* – Via NEF |
| 14<br><br>15<br><br>16<br><br>17<br><br>18<br><br>19 | Donald J. Querio, Esq.<br>Mark D. Lonergan, Esq.<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111<br>Telephone:  415.398.3344<br>Facsimile:  415.956.0439<br>Email:  djq@severson.com<br>          mdl@severson.com | Attorneys for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation* – Via NEF |
| 20<br><br>21<br><br>22<br><br>23<br><br>24<br><br>25 | Marlene Camacho Nowlin, Esq.<br>Amir Torkamini, Esq.<br>SEVERSON & WERSON<br>The Atrium – Suite 700<br>19100 Von Karman Avenue<br>Irvine, California 92612<br>Telephone:  949.442.7110<br>Facsimile:  949.442.7119<br>Email:  mcm@severson.com<br>          aat@severson.com | Associate Counsel for Defendant, *WELLS FARGO BANK, N.A., a national association; WELLS FARGO & COMPANY, a Delaware corporation*; and *WACHOVIA FINANCIAL SERVICES, INC., a North Carolina corporation* – Via NEF |

26

27

28